### J. A. Bennett v. The State.

#### No. 2217. Decided June 22, 1901.

**1.—Murder—Impeachment of Defendant as a Witness—Charge Failing to Limit and Restrict the Testimony.**

On a trial for murder, where defendant, as a witness in his own behalf, was, on cross-examination, for the purpose of impeaching his credibility, required to testify as to other felonies for which he had been prosecuted, a failure of the court in its charge to the jury to limit and restrict the consideration of such testimony to the sole purpose of its effect upon the credibility of the witness constitutes reversible error.

**2.—Same—Charge of Court.**

On a trial for murder, where there was no testimony indicating that defendant and another party acted together in the commission of the offense, a charge to the effect that the jury would find defendant guilty if he shot and killed deceased, either alone or acting with such other party, was calculated to mislead and confuse the jury as to the real issues of the case in this respect.

Appeal from the District Court of Hill.    Tried below before Hon. W. Poindexter.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The indictment charged appellant with the murder of Mary Jenkins, on the 27th of December, 1896, by shooting her with a pistol.

This is a second appeal in this case.    The case, on the first appeal, will be found, Bennett v. State, 39 Texas Criminal Reports, 639.    The facts as to the two cases are substantially the same, and it is only necessary to refer to the former appeal for a statement of the case.

*Ramsey & Odell, Wear, Morrow & Smithdeal,* and *Nelson Phillips,* for appellant.

*Geo. I. Jordan, D. A. McFall, Walter Collins, P. Derden, B. Y. Cummings, C. F. Greenwood,* County Attorney, and *Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life; hence this appeal.

This is the second appeal.    The facts on this appeal are substantially the same as in the former.    39 Texas Crim. Rep., 639.    Appellant assigns as error the action of the court in failing to limit certain testimony to the effect that appellant had been indicted and prosecuted for other felonies to the purpose for which it was introduced, to wit, as going to the credit of appellant as a witness.    It is shown that appellant took the stand as a witness on his own behalf, and on cross-examination by the State it was proved that he had been indicted for horse theft and cattle theft in Johnson County, and for cattle theft in two or three cases in Bosque County, and for train robbery in Hill County.    On re-examination it was shown that he was convicted in two cases; and, new trial being granted, was subsequently acquitted; and the others were either dismissed against him or he was acquitted.    These indictments were presented against defendant about ten years before the indictment in this case.    On the trial the court utterly failed to limit this testimony. It is contended that this is such error as to cause a reversal of this case. Before the act of March 12, 1897,—being article 723, White's Annotated Code of Criminal Procedure,—the failure to limit testimony introduced for the purpose of impeaching or discrediting a witness, which could be used by the jury for any other purpose detrimental to defendant, was fundamental error, which would cause a reversal of the case, whether excepted to or not.    Since the passage of said article the same rule applies, "provided the failure to so charge the jury is taken advantage of by bill of exceptions at the time or in motion for new trial."    Paris v. State, 35 Texas Crim. Rep., 82; Owens v. State, 35 Texas Crim. Rep., 345; Martin v. State, 36 Texas Crim. Rep., 125; Wilson v. State, 37 Texas

·Crim. Rep., 374; Estill v. State, 38 Texas Crim. Rep., 255. Unquestionably, said testimony was admissible for only one purpose; that is, as going to the credit of appellant as a witness. Carroll v. State, 32 Texas Crim. Rep., 431; Brittain v. State, 36 Texas Crim. Rep., 406. But, without an instruction on the subject, would the jury confine their consideration of said testimony to that purpose alone? Would they know the object. of its introduction? It must be remembered that juries are, for the most part, unacquainted with the rules of law; and therefore the necessity on the part of the court to instruct them with reference to their duties. Of course, if they knew this was impeaching testimony, or if it could be appropriated by them to no other purpose than to discredit appellant, the failure to instruct in regard thereto would not prove prejudicial to appellant. But it must be remembered that this was a case of circumstantial evidence, in which many facts, not otherwise admissible, are introduced for the purpose of bearing on or tending to show appellant's guilt; and very naturally the jury would be prone to consider any fact or circumstance tending to show appellant was a man of bad character,—as that he had been accused of theft of cattle and horses and train robbery, and had been indicted therefor,—and it would tend to make them believe appellant was of such a character as would assassinate a woman. Not being informed of the purpose of the introduction of this sort of testimony, we take it they would more likely consider it for the purpose above indicated than for the impeachment of appellant as a witness. At any rate, the possibility that they might do so, in the absence of a charge directing their attention to the testimony, and limiting the consideration of it to the impeachment of appellant as a witness, would constitute reversible error.

Appellant also complains of the charge of the court on principals, said charge treating appellant and Hanks as principals in the commission of the offense. As we understand the theory of the State, which is supported by evidence, the contention is that appellant alone committed the offense, while appellant himself offers as a theory or hypothesis that Hanks may have committed the offense. We fail to find any testimony indicating that these parties acted together in the commission of the offense. It may be a question—considering that the charge instructed the jury that if they believed that appellant, under circumstances showing express or implied malice, shot and killed deceased with a pistol, either alone or acting with Hanks, to find him guilty—whether or not this was such error as was calculated to injure appellant, inasmuch as the charge required appellant to be present, and to do the shooting himself. Still, we think the charge was calculated to mislead and confuse the jury as to the real issues in the case on this line. As stated before, neither party contended that the two were together committing the homicide, and the proof not tending to show that, it should not have been charged. It is not necessary to discuss other assignments, but, for the errors pointed out, the judgment is reversed, and the cause remanded.

*Reversed and ·remanded.*