## Will Bogan v. The State.

### No. 3341.    Decided November 22, 1905.

**Theft from Person—Charge of Court—Principals.**

On trial for theft from person, where there was no evidence which showed that the law of principals applied and the court authorized the conviction of defendant upon that theory, there was reversible error.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

Appeal from a conviction of theft from person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Guy P. Horton* and *Clifton Huggins,* for appellant.—On question of principals: Tippie v. State, 13 S. W. Rep., 777; Massey v. State, 15 id., 601.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with privately stealing a watch from the person of Henley. The facts show that Henley was drinking; that he met appellant at a cold storage, and went thence to appellant's residence. Henley testifies further that after they reached appellant's residence, they went into the dining room, appellant ate his supper, and Henley declined to eat. Mrs. Bogan for a while was standing in the door between the dining and the adjoining room, while he and appellant were in the dining room; then she closed

the door. And after remaining at the house for a while, appellant and his wife and Henley went to the theater in town—Henley paying the way of all parties. While en route from the residence to town, Henley stated to appellant "that woman (supposedly Mrs. Bogan) has gotten my watch, and I want to go back and get it." Appellant remarked, "let it alone until tomorrow." They went on and attended the theater. The testimony of Henley shows that the woman did not enter the dining room, or was near enough to him while at the house to have gotten his watch; nor does he show that appellant was nearer to him than across the table, while in the dining room. He further states that he had the watch in the dining room.

Appellant testified practically as did Henley in regard to meeting him at the cold storage, and accompanying him to his home; and in regard to the matters occurring in the dining room, so far as eating supper is concerned. While at the table Henley pulled out his watch, and some discussion arose as to the time, and while discussing it the clock struck, which showed that Henley's watch was not with the clock. Appellant further testified that Henley handed him the watch to arrange the time, he examined it, laid it down on the table; and they went off and left it on the table. In regard to his wife he testified that when she closed the door, it was for the purpose of changing her clothes. That while she was changing her clothing, Henley expressed the desire, and offered $3, to have sexual intercourse with her: which brought up sharp words between them. However, this seems to have been settled, and they left the house together, went to town and visited the theater, Henley paying the expenses of the three. Subsequently appellant went out to Vaden's farm, where he was employed, and the watch was found in a cistern on Vaden's place, which watch Henley afterwards rather indefinitely identified. However, appellant further testified, in regard to the taking of the watch, that it was there the next day, and his wife took it out to Vaden's. This is the substance of the case on the facts.

The court charged the jury with reference to principals on the theory that Mrs. Bogan was a conspirator with her husband, and then applying the law to the case, informed the jury, if appellant either by himself, or acting as a principal with his wife, fraudulently and privately took from the possession of Henley the watch, he would be guilty. We do not believe the facts of the case required or authorized a charge on principals. There is no evidence, as we understand the facts, which show that Mrs. Bogan was a principal; in fact the testimony all excludes the idea that she was. Her connection with the watch was on the next day, and not at the time it was taken, if taken by Bogan. Henley's testimony and Bogan's testimony both exclude the idea that she was close enough to Henley, while at the house of Bogan, for her to have secured the watch. There was no understanding between them, and the testimony excludes such an understanding, because all the conversation which occurred at the house, was while Mrs. Henley was

standing in the doorway, so far as the State's case was concerned, and that after they left the dining room, the three left the house and went to town. The State's case failed to show that Bogan was in such proximity to Henley in the dining room that he could have secured the watch, and it excludes the idea that Mrs. Bogan either had a conversation with Bogan in the house in regard to it, or that she was close enough to have taken the watch. We do not believe that this testimony suggested the question of principals, and as the court authorized the conviction upon the theory that appellant may have been a principal with his wife in the transaction, the jury may have taken that view of it, because of the suggestion from the court, and for that reason convicted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.