### JACK EARLY v. THE STATE.

#### No. 4150.  Decided March 20, 1909.

#### Rehearing Denied June 19, 1909.

**Murder—Evidence—Cross-Examination—Acquittal—Conviction.**

Upon trial for murder there was no error in admitting in evidence on crossexamination of the witness, who had testified that he had been acquitted as a codefendant, that the witness had been twice found guilty as codefendant for the murder for which defendant was being tried.

Appeal from the District Court of Hill.  Tried below before the Hon. W. C. Wear.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Morrow & Smithdeal,* for appellant.—Cited Jackson v. State, 33 Texas Crim. Rep., 281; Hjeronymus v. State, 47 Texas Crim. Rep., 366; 83 S. W. Rep., 709; Tutt v. State, 49 Texas Crim. Rep., 202; 91 S. W. Rep., 584; Horn v. State, 50 Texas Crim. Rep., 404; 97 S. W. Rep., 822.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited Early v. State, 51 Texas Crim. Rep., 382.

BROOKS, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at two years confinement in the penitentiary.

This case has been before this court on former appeal.  For a statement of the case, see opinion on former appeal reported in 50 Texas Crim. Rep., 344.

The only question in this record which we deem necessary to review is the matter complained of in bill of exceptions No. 2, which is as follows: Harmie Horn was placed upon the witness stand, and, after it had been shown by the testimony that Harmie Horn had been indicted with Jack Early, the defendant herein, for the murder of the de-

ceased, J. T. Calloway, and it further appeared from the testimony of said Horn, on direct examination, that he had been tried on change of venue to Johnson County, and had been acquitted of the murder of said Calloway, and after said Horn had testified on direct examination for the defendant that he cut and stabbed said deceased, and killed him, and that Jack Early, although present at the time, did not aid or encourage him by words or gestures, and did not strike the said Calloway, and that the said Early did absolutely nothing toward the commission of the offense charged, and after the foregoing facts had been put in evidence the State, on cross-examination of the said Harmie Horn, asked the said Horn if it was not a fact that, before his trial in Johnson County, in which he was acquitted of the murder of the said Terrell Calloway, he had been convicted of the murder of the said Terrell Calloway twice in Hill County. To which question and answer thereto appellant objected for the reason that said testimony was inadmissible, prejudicial to the rights of appellant, and tended to throw no light on the controversy between the State of Texas and the defendant, and because the said Harmie Horn, having been acquitted of the murder of Terrell Calloway, the trial in which he was acquitted was a judicial determination of the fact that he was not guilty of such offense, and the fact that he had been convicted, and the conviction set aside, was conclusive, as a matter of law, of the fact that said convictions were illegal, and it was not proper or right to prejudice the defendant in the minds of the jury by proving such convictions. The court overruled said objections, and the witness testified that he had been convicted twice in Hill County for murder in the second degree in the case charging him with the murder of Terrell Calloway, of which offense he was afterwards acquitted in Johnson County. There was no error in the admission of this testimony. See Bennett v. State, 43 Texas Crim. Rep., 241. In the case of Jackson v. State, 33 Texas Crim. Rep., 281, we held on a trial for robbery, where appellant placed his acquitted codefendant upon the stand as a witness, and proposed to prove by him that he (the witness) had been tried and acquitted of the offense, which testimony, on objection by the State, was excluded, we held that the testimony was admissible to prove that a witness, who had been charged with an infamous crime, was acquitted thereof. The rules of this court have always permitted the fact that appellant had been indicted for a felony to be introduced in evidence. It has also been held, as seen above in the Jackson case, that it is proper for the party so charged to prove that he has been acquitted. We hold that, if it is right for a witness to show that twelve men thought him not guilty, or acquitted him, that the State ought to show that two other juries thought he was guilty. If the witness can prove one of the facts, we think the State ought to be permitted to prove the other two. The rules of the Supreme Court do not authorize the introduction of testimony to the effect that a witness has been indicted, but the rules of this court do. The sheer fact that a party is indicted evidences only

the further fact that twelve men thought he was guilty, and if this is admissible, then, with equal force, it should be admitted that twelve other men under their oaths said he was guilty. When he has a right to prove, as stated in the Jackson case, *supra,* that twelve men thought he was not guilty— that is, acquitted him—then, with equal force, justice and reason, the converse party should be permitted to prove that two juries thought, or decided, and judicially determined that he was guilty. So believing, we do not think this testimony was inadmissible, but, even conceding it was not admissible, still it is not such error as would justify a reversal of this case.

This is the only question necessary to be discussed in this record, and, finding no error in the same, the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied June, 1909.—Reporter.]