AMON MARTIN V. THE STATE.

No. 19286.   Delivered January 12, 1938.
State's rehearing denied February 23, 1938.

The opinion states the case.

*Emmett W. Wilburn,* and *Davis, Avery & Wallace,* all of Center, for appellant.

*Wardlow Lane,* District Attorney, of Center, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder without malice and his punishment was assessed at confinement in the State Penitentiary for a term of five years.

Appellant's first complaint is that the court erred in his charge to the jury by instructing them on the law of principals,

because there was no testimony from any source authorizing such an instruction.

We think that appellant's contention is well founded and should be sustained. The record shows that about midnight or early in the morning of December 21, 1936, deceased was killed with appellant's shotgun in the yard of appellant's home. It further discloses that the deceased and appellant at one time had been married, but were divorced in 1934. Deceased was awarded the care and custody of the children. Soon after the divorce was granted, appellant married another woman and was living with her at the time of the alleged offense. On the Saturday preceding the day of the alleged homicide, appellant engaged Mr. Parker, a constable, to go with him to the home of his former wife and request her to permit the children to spend the holidays with him, as he desired to purchase some clothes for them. The mother readily agreed thereto, and appellant took the children home with him. On the following day about dark, the deceased came to appellant's home, bringing some wearing apparel for the children. They all ate supper together and afterwards, the women attended services at the Baptist Church. About eleven or eleven-thirty P. M., they returned to their home. On their way, they noticed a fire in a pine thicket not far from appellant's home; they informed appellant thereof, who took his shotgun, walked out of the house, and fired some ten or twelve times for the purpose of frightening the supposed gamblers. His wife then went to a neighbor's to spend the night, leaving the deceased, appellant, and the children at home. The next morning about daylight, she returned. At this time, two shots were heard by the neighbors. Soon afterwards, appellant's wife appeared at the home of one of her neighbors and stated that she had shot Lizzie, the deceased. From there she went to the home of Mr. Parker, the constable, and told him that she had killed the deceased. She made a similar statement to the sheriff.

There was some evidence that the appellant had moved the body from the yard to a pine thicket, and also removed the blood from the yard. The officers found a set of men's underwear which had blood on them. Appellant testified in his own behalf, admitting that he had removed the body and the blood from the yard because he did not want the children to see their dead mother or her blood on the ground. He further testified that on the morning of the alleged homicide, he was in bed with the deceased when his wife came home; that he heard her when she first stepped on the porch and hurriedly got up and started toward the room occupied by the children. He said he saw his wife take the gun from the rack and start out the front door;

that he admonished the deceased not to go out but that she failed to heed his request and went out the front door. A few minutes later he said he heard a shot and then discovered that the deceased had been killed by his present wife; that his wife immediately left the premises and that during her absence he carried the deceased to the pine thicket and cleaned up the yard.

The testimony of the appellant's eight-year-old son, which is very unsatisfactory, would indicate that appellant might have killed the deceased; but there is no fact or circumstance showing that appellant and his wife acted together in the commission of the offense, or that he aided by act or encouraged her by words or gestures, to commit the offense. Nor is there any testimony showing that he furnished her arms or means of any kind with which to commit the offense.

In the absence of any testimony which brings the appellant within the category of a principal as defined by Articles 65 to 69, P. C., inclusive, the court should not give an instruction on the law relative thereto. See Bennett v. State, 43 Texas Crim. Rep. 241; Bogan v. State, 90 S. W. 171.

The theory of the State was that appellant killed the deceased, while appellant's theory was that the deceased was killed by his wife. Consequently, if his wife committed the offense, in the absence of any testimony which would make him a principal, he would be entitled to an acquittal.

The sufficiency of the testimony to sustain the State's theory that appellant killed the deceased presents a most serious question.

For the error herein discussed, the judgment of the trial court is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Through the Honorable District Attorney the State has filed a motion for rehearing in which is questioned the correctness of our conclusion that the issue of principals should not have been submitted. In said motion the theory of the State is set out at length, to which attorneys for appellant reply that much of said theory is not supported by the record. This has made it necessary for us to again examine the entire statement of facts, which we have patiently done. It would be expecting too much for us to recite at length the evidence try-

ing to demonstrate which attorney is right. After analyzing the best we may the testimony in the record our conclusion originally reached is still believed to be correct.

The motion for rehearing is overruled.