## C. L. TWEEDLE V. STATE.

No. 24172. January 5, 1949.
State's Motion for Rehearing Denied March 30, 1949.

*C. S. Farmer,* Waco, and *W. K. McClain,* Georgetown, for appellant.

*Gene Maddin,* Criminal District Attorney, Waco, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is theft of cattle. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant brings forward four bills of exception in which he complains of the ruling of the trial court. His first bill relates to the court's action in overruling his plea of former jeopardy. It appears from the plea that appellant was charged by indictment with the theft of one cattle from Desha Taylor, alleged to have been committed by him in the County of McLennan, State of Texas, on or about the 8th day of April, 1947; that on the 27th day of October, 1947, he was placed on trial for the offense charged in said indictment. A jury was impaneled and sworn to try the case; the indictment was read to the jury; and the appellant entered his plea of "not guilty" thereto.

After the state had introduced the testimony of two witnesses, the court learned that one of the jurors sitting in the case stood charged with felony theft; that thereupon the court called defendant's counsel into his private office and announced that he had just learned that one of the jurors on the panel was under indictment for felony theft. The court then peremptorily instructed the jury to return a verdict of guilty which the jury did and assessed his punishment at confinement in the state penitentiary for a term of two years. Appellant objected to the action of the court in thus instructing the jury and thereafter discharging them for the following reasons, to-wit: First, because the court refused to submit his charge to appellant or his counsel for examination, objections, and exceptions thereto before reading it to the jury; and second, that the court made no judicial finding that said juror was under indictment for felony theft and heard no testimony relative thereto.

The court qualified the bill by stating that at the time in question there were on the docket in his court five indictments against the juror charging him with felony theft. The court further certified that he requested the juror to come to the bench and he asked him if he was the same man who was

under indictment in five cases of felony theft to which the juror replied in the affirmative. Thereupon, the court instructed the jury to find the defendant guilty which they did and he then discharged them. Appellant accepted this bill with the qualifications thereto and he is bound thereby.

Appellant, in due time, filed a motion for a new trial which was sustained by the court and a new trial was awarded him. This placed him in status quo.

Under Art. 616, C. C. P., relating to the qualifications of jurors, Sec. 4 thereof provides as follows: "That he is under indictment or other legal accusation for theft or any felony."

Art. 618, C. C. P., provides as follows: "In examining a juror, he shall not be asked a question the answer to which may show that he has been convicted of an offense which disqualifies him, or that he stands charged by some legal accusation with theft or any felony."

Art. 619, C. C. P., provides as follows: "No juror shall be impaneled when it appears that he is subject to the third, fourth or fifth clause of challenge in article 616, tho both parties may consent."

It would seem from the foregoing articles that if a juror was under indictment for the offense of felony theft, he is a disqualified juror. A jury composed of twelve men one of whom falls within the disqualification mentioned would not constitute a legal jury, and their verdict would not be binding on the defendant nor would the court be authorized to enter a judgment of conviction thereon. It appears that in this case neither the state nor the defendant is chargeable with negligence in failing to discover the juror's status since neither the state nor the defendant was authorized to propound questions to him which may have elicited the facts which disqualified him as a juror.

We are not impressed with the merits of appellant's contention that the court erred in not submitting to the appellant or his counsel the peremptory instruction to the jury to find him guilty since it would have served no useful purpose.

His next contention is that the court made no judicial finding that the juror was under indictment for felony theft; that he heard no sworn testimony relative thereto. We are not in accord with his contention because the juror was sworn to

answer questions when first interrogated relative to his qualifications as a juror. The mere fact that subsequent thereto, when the court made the further inquiry of him as to his qualifications, he was not again sworn would not render his testimony subject to the objections. It occurs to us that the court did hear sworn testimony and did make a judicial finding that the juror was disqualified. We therefore overrule his contention.

By Bill of Exception No. 2 appellant complains because the witness, Viva Lee Holder, who was in the year 1922 convicted in the district court of Knox County in cause No. 1400 for the offense of the robbery with firearms, was permitted to testify. Appellant, in due time, objected to the testimony given by said witness on the ground that he was an incompetent witness. Thereupon, the state produced a full pardon issued to the witness by the governor of this state for his conviction in cause No. 1400 in Knox County but would not restore him to full citizenship in any subsequent convictions. It is our opinion that there is no merit in appellant's complaint under the facts as disclosed by the bill. The full pardon for the conviction in Knox County in cause No. 1400 made him a competent witness. We therefore overrule his complaint. See Thornton, 20 Tex. App. 519; Logan v. U. S., 144 U. S. 263, 36 L. Ed. 429; and Davis v. State, 101 Tex. Cr. R. 352.

Bill of Exception No. 3 shows that after Bill Harris, the deputy sheriff, had denied that he whipped appellant; that he did not force him to make a confession nor did he extort same from him, it further appears from the bill that on direct examination by the district attorney he testified that he was in the army for 29 months; that he spent 29 months overseas, to which appellant objected on various grounds not necessary to here state. The objections were overruled and he duly excepted.

Bill of Exception No. 4 shows that after the witness Bill Harris had testified as above stated, he further testified on direct examination by the district attorney that he had lived in Waco for 20 years; that he had never been charged with any offense during his life, to which appellant objected on the ground that no attack had been made upon his credibility as a witness, nor had appellant sought to impeach him; that said testimony was a bolstering up of the state's witness; that no other witness had testified that Bill Harris had ever been charged with an offense.

We fail to see the relevancy of this testimony to any issue

in the case. It occurs to us that the only purpose it could have served was to bolster up the testimony of the witness. The question of whether or not the purported confession was illegally obtained from appellant was a hotly contested issue, and without the confession the state did not have sufficient evidence to corroborate the testimony of the accomplice witness which would authorize appellant's conviction. To hold that this testimony had no prejudicial effect would require us to speculate on the effect it may have had on the jury, which we would not be justified in doing. This court has held many times that it is improper to bolster up a witness where he is well known and his reputation has not been assailed. See Jones v. State, 52 Tex. Cr. R. 206 (106 S. W. 126); Branch's Ann. P. C., page 112; and 15 A. L. R. 1068n.

For the error herein pointed out, the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The state, through the criminal district attorney of McLennan County, has filed a motion for rehearing in which it is insisted that we committed error in our disposition of the question presented in Bills of Exception Nos. 3 and 4. The motion proceeds upon the theory that because appellant had testified that Deputy Sheriff Harris had cursed appellant, threatened him and otherwise abused him, and thereby secured from appellant the confession which was introduced in evidence and which appellant had repudiated, was such an attack upon the witness Harris that he could meet it by evidence sustaining his good general reputation, and therefore Harris' evidence that he had served 29 months in overseas service in the Army and had never been charged with any offense was admissible as sustaining his good general reputation. Adverting to Bills 3 and 4, we find that appellant not only objected to Harris' testimony because he was not impeached or attempted to be impeached, but each of said bills certify as a fact the following: "Be it further remembered tht during the progress of this trial the testimony of said Bill Harris was in no way attacked and that the defendant did not impeach or attempt to impeach the said Bill Harris in any respect or manner."

The two bills in question were approved with no qualification as to such recital.

We call attention to the fact that general reputation cannot be sustained by proof of isolated commendatory acts. If it could be construed that because appellant testified that Harris secured an involuntary confession from appellant, which Harris denied, was more than a contradiction in their testimony, but went to the impeachment of Harris, then the state should have called witnesses to testify as to his general reputation and not resort to proof of isolated commendatory acts which under the peculiar facts here present might have been appropriated by the jury in determining the admissibility of the confession which was a question of fact submitted to the jury.

The state's motion for rehearing must be overruled upon another point which was not adverted to in the original opinion. When appellant took the stand as a witness, the first thing developed by his own counsel from appellant was, "I have been in the penitentiary twice, but not since 1931." The first thing testified to by appellant on cross-examination was, "On February 3, 1939, I was convicted at Decatur, Texas, for burglary. On March 21, 1939, I was convicted for cattle theft and burglary from McLennan County and Wise County and got 8 years." The objections to the court's charge embraced fourteen separate paragraphs covering four and a half pages in the transcript, and this may have been the reason we overlooked the objection in Paragraph 7 which is as follows: "The defendant further excepts and objects to the Court's charge herein as a whole for the reason that said charge nowhere instructs the jury that it cannot consider the testimony showing previous convictions of the defendant except for the purpose of affecting the defendant's credibility as a witness. Expressed in *any* other way, defendant objects to the Court's charge as a whole for the reason that said charge nowhere limits the evidence of defendant's previous conviction to the purpose for which it was admitted, viz: as affecting the defendant's credibility as a witness."

Such omission from the charge was thus pertinently called to the court's attention. The objection should have been responded to, and the evidence limited as requested. The general rule is stated in Branch's Ann. Tex. P. C., p. 118, sec. 188, as follows: "It is error not to limit proof of previous convictions, indictments, charges, or evidence of other offenses admitted only to affect the credibility of defendant as a witness."

Many cases are noted supporting the text. See also a long line of cases to the same effect in Note 135 under Article 658, Vernon's Ann. Tex. C. C. P., Vol. 2, p. 253. See Bennett v. State, 43 Tex. Cr. R. 241, 64 S. W. 254; Wakefield v. State, 98 Tex. Cr. R. 491, 266 S. W. 1097; Wood v. State, 118 Tex. Cr. R. 99, 39 S. W. (2d) 1094; Beard v. State, 110 Tex. Cr. R. 413, 10 S. W. (2d) 112.

The state's motion for rehearing is overruled.