**Russell HAYES, Relator,**

v.

**HARRIS COUNTY DEMOCRATIC EXECUTIVE COMMITTEE et al., Respondents.**

No. 1860.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 22, 1978.

Russell Hayes, pro se.

David F. Webb, Leonard, Kohen, Rose, Webb & Hurt, Houston, for respondents.

PER CURIAM.

This is a petition for writ of mandamus by which the relator, Russell Hayes, seeks to compel the respondents, the Harris County Democratic Executive Committee and its Chairman, George Q. Buch, to place Hayes' name on the ballot for the Democratic primary election to be held in Harris County, Texas on May 6, 1978.

The relator filed an application for placement of his name on the ballot on February

3, 1978. He was certified by the respondent Buch to the County Clerk of Harris County, Texas on February 13, 1978 as a candidate whose application had been timely filed and accompanied by an appropriate filing fee. The relator subsequently learned that his name had been removed from the ballot for the reason that he is a convicted felon and is therefore an ineligible candidate for public office according to article 1.05 of the Texas Election Code. This court granted him leave to file a petition for writ of mandamus, by which he seeks to compel his reinstatement on the ballot, and arguments were heard thereon.

 The relator correctly states the general rule that when an application appears regular on its face, election officials charged with certifying the applicant's name for placement on the ballot have no authority to inquire into facts outside the application. *Parker v. Brown,* 425 S.W.2d 379, 381 (Tex.Civ.App.—Tyler 1968, no writ). Where facts which would disqualify the applicant are conclusively established by public records, however, election officials may not ignore those facts. *Garcia v. Carpenter,* 525 S.W.2d 160, 161 (Tex.Sup.1975); *McClelland v. Sharp,* 430 S.W.2d 518, 522 (Tex.Civ.App.—Houston [14th Dist.], 1968, no writ); *see* Tex.Election Code Ann. art. 1.05, § 4 (Supp.1978).

The relator contends that his 1957 felony conviction is not final so as to disqualify him from running for public office because there is currently pending in federal court a collateral attack on that conviction. The relator's argument that the present collateral attack tolls the finality of his conviction for election qualification purposes, however, is without merit. This matter has been previously litigated and decided adversely to the relator. *Hayes v. Williams,* 341 F.Supp. 182, 187–88 (S.D.Tex. 1972).

Although we are of the general philosophy that the qualifications of a candidate for public office are better judged by the people through the election process than by members of a political committee, the relator is barred by the Texas Constitution and the Texas Election Code from holding public office.

The petition for writ of mandamus is therefore denied. No motion for rehearing will be entertained.