Kenneth Wayne THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 69811.

Court of Criminal Appeals of Texas, En Banc.

Oct. 3, 1990.

Molly Meredith Lenoir, Dallas, for appellant.

John Vance, Dist. Atty., and Jeffrey B. Keck, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Presiding Judge.

Appellant, Kenneth Wayne Thomas, appeals from his capital murder conviction. For the following reasons we are compelled to reverse the judgment and sentence of the trial court.

In appellant's first point of error, he asserts that the trial court erred in overruling his motion for new trial based upon allegations that a person who had served on the jury had been charged with two theft offenses and as such was disqualified to serve per Articles 35.16 and 35.19, V.A. C.C.P. We agree.

Tempie Mashael Tonroy served on the jury that convicted appellant. She was at the time of her service on probation (deferred adjudication for a ten year period) for the third degree felony offense of theft over the value of $750 but less than $20,000. This offense had been prosecuted in the 195th Judicial District Court of Dallas County. Moreover, at the time of her service, Tonroy was also under legal accusation for the misdemeanor offense of theft by check. An information charging her with such had been filed in the County Criminal Court No. 5, also of Dallas County. Prior to trial, however, Tonroy did not inform the trial court of the felony or misdemeanor charges although she was asked during voir dire and in a juror questionnaire if she had been "charged, arrested, indicted or convicted" of any criminal offense.

Article 35.16, in pertinent part, provides that:

"A challenge for cause is an objection to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury. A challenge for cause may be made by either the State or the defense for any one of the following reasons:

\* \* \* \* \* \*

"2. That he has been convicted of theft or any felony;

"3. That he is under indictment or other legal accusation for theft or any other felony;

"4. That he is insane.

\* \* \* \* \* \*

"No juror shall be impaneled when it appears that he is subject to the second, third or fourth grounds of challenge for cause set forth above, although both parties may consent. All other grounds for challenge may be waived by the party or parties in whose favor such grounds exist."

In addition to Article 35.16, Article 35.19, V.A.C.C.P., provides that "[n]o juror shall be impanelled when it appears that he is subject to the second, third or fourth cause of challenge in Article 35.16, though both parties may consent."

The juror in this case was absolutely disqualified for jury service—she was then charged with both felony and misdemeanor thefts, with legal accusations being filed in each case. This Court has repeatedly held that a person under indictment or other legal accusation for theft or any felony is absolutely disqualified for jury service. *Tweedle v. State*, 218 S.W.2d 846, 848 (Tex. Cr.App.1949); *Terrill v. State*, 112 S.W.2d 734, 735–736 (Tex.Cr.App.1938); *Johnson v. State*, 84 S.W.2d 240, 241–242 (Tex.Cr. App.1935); *Hooper v. State*, 70 S.W.2d 431 (Tex.Cr.App.1934); *Rice v. State*, 52 Tex. Crim. 359, 107 S.W. 832 (1908). See *Frame v. State*, 615 S.W.2d 766 (Tex.Cr.App.1981). See also *Ex parte Bronson*, 254 S.W.2d 117 (Tex.Cr.App.1953). Cf., *Walker v. State*, 645 S.W.2d 294 (Tex.Cr.App.1983) (person who has completed term of deferred probation is not subject to disqualification from jury service); *Payton v. State*, 572 S.W.2d 677 (Tex.Cr.App.1978) (same); *Easterwood v. State*, 34 Tex.Crim. 400, 31 S.W. 294 (1895) (person who has been pardoned is not subject to disqualification). Specifically, in *Bronson* this Court wrote that:

"If upon motion for new trial, it be shown that one or more of the jurors impaneled was disqualified ..., a new trial shall be ordered, without regard to a showing of injury or probable injury or

of consent or waiver." *Bronson*, 254 S.W.2d at 121.

 The State, agreeing that Tonroy was disqualified to serve on the jury, makes two arguments that the above holdings should not be applied in this case. First, the State argues that because defense counsel never asked specific questions of Tonroy regarding the theft offenses any error in the record must be deemed waived. Second, the State argues that because appellant showed neither misleading answers by Tonroy, nor harm to his cause, reversal would be in the State's words "a travesty of justice." Both of these arguments fail.[1]

 The jury questionnaire that Tonroy filled out is in the record before us. The questionnaire contains, among others, the following questions and answers:

"Have you ever been interested in any criminal case?

"Answer: Yes.

"If yes, what case and what was your interest?

"Answer: Candace Montgomery[,] Cullen Davis.

"Have you, your spouse, or close friend or relative ever been charged, arrested, indicted, or convicted of any criminal offense?

"Answer: No."

Moreover, during the voir dire of the panel the trial court questioned:

"First and foremost, all of you must be citizens of the United States, residents of the State of Texas, more specifically Dallas, over the age of 18 years, able to read and write, [of] sound mind, good moral character, and must have never been convicted of a felony.

"Now, a felony offense is a criminal offense upon a conviction for which one can be sent to the penitentiary. As you sit there right now, none of you must ever have been charged and convicted with a misdemeanor offense of theft, including the felony consideration as well.

\* \* \* \* \* \*

"None of you as you sit there right now must stand charged by indictment with the commission of a felony or any degree of the crime of theft. Any of you feel that based upon that that you're disqualified to serve on this panel? I take it by your silence now that all of you are."

Certainly, defense counsel was justified in relying upon the above questioning to conclude that Tonroy had not been charged with any offense. See *Salazar v. State*, 562 S.W.2d 480, 481 (Tex.Cr.App.1987). Although it is not apparent from the record who prepared the juror questionnaire, it is apparent that the questions were compiled with the intent of determining if a prospective juror would be disqualified from service due to theft or felony charges. We note further that the State also apparently accepted the juror questionnaire as a valid indication of the nonexistence of pending charges against Tonroy since during the individual voir dire of the then prospective juror the subject of the thefts were not even remotely broached by the prosecutor. Since both charges were out of Dallas County and had been prosecuted by the Dallas District Attorney's Office (making discovery of the charges easier), presumably the prosecutor relied solely upon the questionnaire and conducted no further investigation.

Moreover, we are reluctant to hold that appellant has waived error on appeal since

---

1. The State, after it makes the arguments listed above, seemingly advocates that one whose adjudication of guilt has been deferred and then placed on probation, pursuant to Article 42.12, section 5, V.A.C.C.P., is not disqualified to serve on the jury. This argument must also fail. This Court has deemed the deferring of guilt as a "pending" case against a defendant. See *Brown v. State*, 716 S.W.2d 939, 949 (Tex.Cr.App.1986). See also *Walker v. State*, 645 S.W.2d 294 (Tex.Cr.App.1983); *Payton v. State*, 572 S.W.2d 677 (Tex.Cr.App.1978). The State also argues that the misdemeanor theft offense should not cause the juror's disqualification since the information charging the offense was "insufficient to state an offense" and was therefore "not a 'legal accusation.'" Appellant responds that "whether or not Tonroy would have been able to trot down to the misdemeanor court and demand that the county judge quash the information ... is irrelevant to the existence of a pending theft offense." We agree with appellant's response on this matter.

there is no indication in the record before us that the defense knew of the juror's theft charges until the time of the motion for new trial.[2] It is also quite significant that both of the theft charges were out of Dallas County and were pending in Dallas County courts. Certainly the State, which had successfully prosecuted the felony theft offense and had filed the information on the misdemeanor theft offense, knew or at least should have known that Tonroy was unfit to serve on the jury. We are unwilling to say that appellant has waived error in this case when the State is at least equally culpable for there being error in the record.

We also must reject the State's argument that appellant is not entitled to a reversal of his conviction since he has failed to show harm. Prior to *Bronson* this Court had indicated that a verdict, rendered by a jury where one of its members was disqualified to serve, was seen as "void" and consequently subject to collateral attack. It was believed that the predecessor statute to Articles 35.16 and 35.19 "[made] the fact of conviction for theft an absolute bar to the qualification of one who has been so convicted. In such case the incompetence of the juror cannot be waived, and the judgment and conviction would be void and relief therefrom might be brought about by habeas corpus...." *Johnson v. State*, 129 Tex.Crim. 162, 84 S.W.2d 240, 241–242 (1935) (dicta). In *Bronson*, however, this Court disavowed the quoted language, holding that a verdict rendered by a jury where one of its members was disqualified would not be subject to collateral attack. 254 S.W.2d at 121. But see *Frame v. State*, 615 S.W.2d 766, 769 (Tex.Cr.App.1981) (Court quoting with favor disavowed *Johnson* language).

Nevertheless, this Court has treated those situations where an *absolutely disqualified* juror, per Articles 35.19 and 35.-16(a)(2), (3) or (4), has served on the jury differently than those cases where any other juror merely subject to a challenge for cause, per Article 35.16(a)(1), (5), (6), (7), (8), (9) or (10), has served. In cases where the juror was merely subject to a challenge for cause, this Court has mandated that the defendant show harm to his case, whereas when the juror is absolutely disqualified no showing of harm is necessary. Compare *Allen v. State*, 419 S.W.2d 852, 853–854 (Tex.Cr.App.1967) with *Hughes v. State*, 105 Tex.Crim. 57, 284 S.W. 952 (1926). Therefore, appellant's failure to show harm in the case before us is insignificant.

In summation, Tonroy, at the time she served on the jury, was on felony probation and charged with misdemeanor theft. She was absolutely disqualified to serve on the jury. From the record before us, it appears that the defense, by way of a motion for new trial, brought this error to the trial court's attention as soon as possible. Consequently, the trial court in the case before us erred in overruling the appellant's motion for new trial. Appellant's first point of error is sustained and his conviction is reversed.[3] The cause is remanded to the trial court.

BERCHELMANN and STURNS, JJ, not participating.

---

**2.** At the hearing on the motion for new trial, the State argued that the defense was guilty of "laying behind the log." The trial court made no such finding at the hearing and the State does not repeat this argument on appeal.

**3.** Appellant raises six other points of error which, because we reverse on the first point of error, we will not address. He does not contest the sufficiency of evidence to sustain his conviction.