**Robert W. WELCH, Appellant,**

v.

**The STATE of Texas, ex rel. Frank LONG, District Attorney for the 8th Judicial District of Texas, Appellee.**

No. 12–93–00160–CV.

Court of Appeals of Texas, Tyler.

April 29, 1994.

Rehearing Denied July 28, 1994.

Royal Mullins, Greenville, for appellant.

Alwin A. Smith, Sulphur Springs, for appellee.

RAMEY, Chief Judge.

The Appellant, Rains County Constable Robert W. Welch ("Welch"), challenges a judgment removing him from office in a *quo warranto* action brought by the State of Texas, through Frank Long, District Attorney for the Eighth Judicial District. We will affirm the judgment.

In 1980 Welch entered a plea of guilty to a felony charge of Driving While Intoxicated— Subsequent Offense. Welch had, at such time, a prior misdemeanor conviction for driving while intoxicated, which was then sufficient to make the second offense a felony. TEX.REV.CIV.STAT.ANN. art. 6701*l*-2, (Vernon, 1977) (repealed). The trial court, following Welch's plea, found him guilty as charged in the indictment, assessed punishment at one year's confinement, with a five hundred dollar fine, and suspended imposition of such sentence, placing Welch on probation for a period of two years. Welch completed the probationary period without incident.

In 1992 Welch was elected constable of Rains County, and this suit was filed upon his assumption of office in early 1993. The basis for the action was the requirement of Sec. 141.001(a)(4) of the Texas Election Code that

> [t]o be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must ... have not been finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities.

After a consideration of the evidence, which was almost entirely uncontested, the court below ruled in the State's favor and ordered Welch removed from his office. Welch assigns three points of error.

Welch's first point of error asserts that he was never "finally convicted" of a felony because, after his plea of guilty to felony DWI, his sentence was suspended and he fully complied with the terms of his two-year probation.[1] In support of this conten-

---

1. "Probation" can be imposed one of two ways. On the one hand, a judge may, after a conviction or guilty plea, suspend the imposition of the sentence. Art. 42.12, Sec. 3(a), TEX.CODE CRIM.

tion Welch points to a number of situations in which the law does not consider a probated sentence to be a "final conviction."

For example, "[i]t is well-settled that a probated sentence is not a final conviction for enhancement purposes unless it is revoked." *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Cr.App.1992).[2] Similarly, "[w]here a habeas corpus petitioner has been granted probation and it has not been revoked, the defendant is not confined and the conviction is not final for purposes of Article 11.07, [TEX.CODE CRIM.PROC.ANN.]." *Rodriguez v. Court of Appeals*, 769 S.W.2d 554, 557 (Tex.Cr.App. 1989).

But more commonly a "final conviction" means simply a formal finding of guilt, embodied in a judgment; it is not excluded or expunged by a grant of probation. Thus, the Government Code provides that a "person who has been convicted of a felony is disqualified to be an officer or county jailer." Section 415.058(a), TEX.GOV'T. CODE ANN. One is "convicted of a felony" if a court "enters an adjudication of guilt, ... regardless of whether ... the sentence is subsequently probated." Section 415.058(b)(1), TEX.GOV'T. CODE ANN. Though this statute does not use the terminology of *final* conviction, the deletion of that language from a predecessor statute had no effect other than allowing the immediate denial or revocation of a peace officer's license while the disqualifying conviction was on appeal. *Op.Tex.Att'y Gen.* No. DM–210 (1993).[3] The "finality" of such a conviction, in this context, has nothing to do with whether the punishment assessed is suspended or probation granted. Plainly, in this context, an adjudication of guilt is disqualifying, even if probation was granted.

Similarly, in *Dallas County Bail Bond Bd. v. Stein*, 771 S.W.2d 577 (Tex.App.—Dallas 1989, writ denied), a bail bondsman was denied an employee's bail bond identification card because of a rule adopted by the Dallas County Bail Bond Board barring employment of "any person ... who commits ... an offense for which he has been finally convicted, such offense being a felony or a misdemeanor involving moral turpitude." *Ibid.* at 578–79. The court rejected the argument that probation was not a final conviction, holding that

> Probation affects only the imposition of sentence, not the judgment of conviction. *See Nealy v. State*, 500 S.W.2d 122, 125 (Tex.Cr.App.1973); Onion, *Practice Commentary*, TEX.CODE CRIM.PROC.ANN. art 42.12 (Vernon 1979). Thus, the sentence to be served, either actually confined or on probation, has no effect on the finality of a conviction. *Ashley v. State*, 527 S.W.2d 302, 305 (Tex.Cr.App.1975).

*Ibid.* at 582.

Final conviction of driving while intoxicated results in an automatic driver's license suspension. Article 6687b, Section 24(a)(3), TEX.REV.CIV.STAT.ANN. The Attorney General has rendered an opinion that the term "final conviction" includes a conviction with a suspended sentence and probation.[4] *Op.Tex. Att'y Gen.* No. MW–133 (1980).

The right to vote in Texas is another privilege subject to curtailment by a felony conviction:

PROC.ANN., *formerly* Art. 42.12, Sec. 3, TEX.CODE CRIM.PROC.ANN. Alternatively, a judge may, in certain circumstances, defer further proceedings without entering an adjudication of guilt, a procedure known as "deferred adjudication." Art. 42.12, Sec. 5(a), TEX.CODE CRIM.PROC.ANN., *formerly* Art. 42.12, Sec. 3d(a), TEX.CODE CRIM.PROC.ANN. The record here is clear that Welch was adjudged "guilty" and his sentence suspended; he did not receive a deferred adjudication, which the statute, with certain exceptions, mandates "may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law...."

**2.** Even this general rule will not apply to probated sentences assessed for DWI convictions after

September 1, 1994. Section 49.09(d), TEXAS PENAL CODE (Vernon 1994 Special Pamphlet).

**3.** Attorney General opinions are cited with the understanding that, though merely advisory on the courts, they are entitled to great weight, unless clearly wrong. *Hooten v. Enriquez*, 863 S.W.2d 522, 531 fn. 14 (Tex.App.—El Paso 1993, no writ).

**4.** The opinion also held that a "deferred adjudication" probation would not be considered a "final judgment" for this purpose. As noted in footnote one, Welch's probation did not involve deferred adjudication.

In this code, "qualified voter" means a person who ... has not been finally convicted of a felony or, if so convicted, has ... completed a period of probation and at least two years have elapsed from the date of the ... completion....

Section 11.002(4)(A), TEXAS ELECTION CODE. As used in this statute, the term "finally convicted" obviously includes conviction with a suspension of sentence and the granting of probation; otherwise, the qualification of the restriction, allowing a return of voting privileges two years after the completion of probation, would be inappropriate.

One of the conditions of eligibility for probation is that "the defendant has not previously been convicted of a felony in this or any other State." Article 42.12, Section 4(e), TEX.CODE CRIM.PROC.ANN. In construing the predecessor of this statute the Court of Criminal Appeals has held that "a defendant who was under a suspended sentence was ineligible for probation on a subsequent conviction." *Earhart v. State*, 823 S.W.2d 607, 623 (Tex.Cr.App.1991), *vacated on other grounds*, —— U.S. ——, 113 S.Ct. 3026, 125 L.Ed.2d 715 (1993). Similarly, the fact that a defendant has received a suspended or probated sentence may be considered by the trier of fact in setting punishment for a subsequent offense, in the same manner as a conviction whose sentence is carried out. Article 37.07, Section 3(a), TEX.CODE CRIM. PROC.ANN. (Vernon 1981, repealed in other respects). The fact that a conviction results in a suspended sentence and probation does not nullify the statutorily-defined consequences of such a conviction.

These cases, statutes, and interpretive opinions reveal a clear pattern; whenever a "final conviction" disqualifies one from holding an office, exercising a privilege, or obtaining a license, the term should be understood as including all judgments involving an express adjudication of guilt, even if the punishment is suspended and the convicted individual is given probation. Because the record here incontestably establishes that Welch had been finally convicted of a felony, despite his having received a probated sentence, his first point of error is overruled.

Welch's second point of error asserts that the TEXAS CONSTITUTION prohibits the removal of state officers for offenses such as DWI. The legislature is empowered to legislate on this subject in Article 16, Section 2 of the Constitution:

Laws shall be made to exclude from office, serving on juries, and from the right of suffrage, those who may have been or shall hereafter be convicted of bribery, perjury, forgery, or other high crimes.

Welch argues that since DWI is neither a crime of moral turpitude nor an offense which requires a *mens rea*, it cannot be considered a "high crime" as that term is used in the Constitution.

Neither Welch nor the State cite any authority specifically defining "high crime" as a term of art. In ordinary usage the phrase means nothing more than a serious or grave crime. WEBSTER'S NEW COLLEGIATE DICTIONARY 535 (1981). This suggests, especially after the references to bribery, perjury, and forgery, that the phrase refers to felonies. *See Hayes v. Harris County Democratic Executive Committee*, 563 S.W.2d 884, 885 (Tex. Civ.App.—Houston [14th Dist.] 1978, no writ) (individual convicted of unidentified felony barred from office by Texas constitution). Because Welch was convicted of a felony, and because the legislature's power to punish repeated DWI as a felony is unquestioned, we overrule his second point of error.

Welch argues in his third point of error that the State should have been estopped from bringing this action because of his previous, uncontested service as a constable from 1985 through 1988 and his licensing by the state as a peace officer in 1988.

"The State in its sovereign capacity, unlike ordinary litigants, is not subject to the defenses of limitations, laches, or estoppel." *State v. Durham*, 860 S.W.2d 63, 67 (Tex. 1993). Thus, in *State ex rel. City of Jasper v. Gulf States Utilities Co.*, 144 Tex. 184, 189 S.W.2d 693 (1945), the defendant in a *quo warranto* action sought to estop a challenge to its right to supply electric power, when such right had been granted by a government body. After noting that a defense of estoppel would wholly deprive the public of the safeguards of the law intended for their

protection, the court disallowed such defense. Welch's third point of error is overruled.

The judgment of the court below is affirmed.