**Orlando Javier PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–97–095–CR.**

Court of Appeals of Texas, Corpus Christi.

July 16, 1998.

Larry Warner, Brownsville, for Appellant.

Yolanda De Leon, District Attorney, Brownsville, for State.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

As a result of his involvement in a drive-by shooting, a jury convicted Appellant, Orlando Javier Perez, of aggravated assault with a firearm [1] and assessed his punishment at fifteen years imprisonment. We reverse and remand for a new trial.

At the hearing on his motion for new trial, Perez and the State entered into a stipulation of evidence that a juror, Jesus Garcia, had a final conviction for felony driving while intoxicated and that Garcia's status as a convicted felon was not ascertained until twenty minutes after the verdict was rendered.[2] The trial court, while acknowledging the constitutional implications of Garcia's service as a juror, was persuaded by the State that article 44.46 of the Texas Code of Criminal Procedure required Perez to show significant harm resulting from Garcia's jury service. No evidence of significant harm being presented, the court overruled Perez's motion for new trial.

In his second point of error, Perez contends article 44.46 is incompatible with the Texas Constitution because, *inter alia*, it undermines the right to trial by a qualified jury. The question squarely presented by Perez in this point of error is whether the provisions of article 44.46 conflict with the Texas constitutional prohibition against jury service by convicted felons.[3]

The State contends Perez has not preserved error on this point because his argument on appeal, that article 44.46 is unconstitutional, was not the same argument urged in his motion for new trial, that Garcia's status entitles Perez to a new trial. We disagree. At the hearing on Perez's motion, the State raised the application of article 44.46. Thereafter, Perez's counsel and the

---

1. Tex. Penal Code Ann. § 22.02(a) (Vernon 1994).

2. Garcia did not divulge his conviction and answered "No" to the question on his juror information card that asked "Have you ever been an accused, complainant or witness in a criminal case?"

3. The constitution provides that "laws shall be made to exclude from ... serving on juries ... those who may have been or shall hereafter be convicted of bribery, perjury, forgery, or other high crimes." Tex. Const. art. XVI, § 2. The phrase "high crimes" refers to felonies. *See Welch v. State ex rel. Long*, 880 S.W.2d 79, 82 (Tex.App.—Tyler 1994, writ denied).

trial court engaged in a lengthy discussion concerning whether Perez had a trial before twelve "good and lawful" jurors. The court then stated:

> The court is—While you may well be right, Mr. Warner, it's long been the policy of this court that when there appears to be a statute, even if it's arguably questionable in light of your eloquent argument there, the court doesn't think it's the appropriate place for the trial court to overrule *or find unconstitutional* or whatever a statute of the Texas legislature, and believe[s] the appellate courts are the more appropriate place for that issue.

Perez's counsel responded:

> We're entitled to a jury trial of twelve people based on the Constitution of the United States, and Texas implemented that and said the right to a trial by jury— Article 1 of the state constitution, Section 10, says the right of a trial by jury shall remain inviolate and the legislature shall pass appropriate statutes to effect this constitutional provision.

We conclude Perez adequately preserved this point for our consideration. The State's contention is overruled.

The standard of review for addressing the constitutionality of a statute was enunciated by the court of criminal appeals in *Santikos v. State*, 836 S.W.2d 631 (Tex.Crim.App. 1992):

> Since a statute may be valid as applied to one set of facts and invalid as applied to another, "it is incumbent upon the [appellant] to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient." *Parent v. State*, 621 S.W.2d 796, 797 (Tex.Crim.App. 1981). *See Briggs v. State*, 740 S.W.2d 803, 806 (Tex.Crim.App.1987).

*Santikos*, 836 S.W.2d at 633.

▮ A person who has been convicted or stands legally accused of theft or any felony, or who is insane, is absolutely disqualified from jury service and may not serve as a juror even if both parties consent. TEX.CODE CRIM. PROC. ANN. arts. 35.16(a)(2), (3), (4); 35.19 (Vernon Supp.1998). In 1990, the court of criminal appeals held that service by an absolutely disqualified juror entitled a defendant to a new trial even though the disqualification was first urged in a motion for new trial. *Thomas v. State*, 796 S.W.2d 196, 199 (Tex.Crim.App.1990). The court held that service by an absolutely disqualified juror was an error that could not be waived and that required a new trial without a showing of harm. *Id.* at 198–99.

In 1993, in an apparent response to *Thomas*, the legislature enacted article 44.46 of the code of criminal procedure. This statute provides:

> A conviction in a criminal case may be reversed on appeal on the ground that a juror in the case was absolutely disqualified from service under Article 35.19 of this code only if:
>
> (1) the defendant raises the disqualification before the verdict is entered; or
>
> (2) the disqualification was not discovered or brought to the attention of the trial court until after the verdict was entered and the defendant makes a showing of significant harm by the service of the disqualified juror.

TEX.CODE CRIM. PROC. ANN. art. 44.46 (Vernon Supp.1998).

It is uncontroverted Perez did not raise Garcia's disqualification before the verdict was entered. Thus, pursuant to article 44.46(2), in order to obtain a reversal and new trial due to Garcia's presence on the jury, Perez was required to demonstrate Garcia's service caused him significant harm beyond the mere fact of conviction. *See Hernandez v. State*, 952 S.W.2d 59, 71 (Tex. App.—Austin 1997, pet. vacated).

The court of criminal appeals has yet to address the constitutionality of article 44.46, and only two courts of appeals have discussed its application in a criminal trial. Article 44.46 was held constitutional by the Austin Court of Appeals in *Hernandez*, 952 S.W.2d at 71–73. While the reasoning in *Hernandez* is sound, we decline to apply it here because the contested juror in that case was merely accused, not convicted, and the offense involved was misdemeanor theft, not a felony. The *Hernandez* court relied heavi-

ly on the fact that the disqualification of the juror rested on the application of statute rather than on constitutional implications.[4]

We likewise find *Hoffman v. State,* 922 S.W.2d 663 (Tex.App.—Waco 1996, pet. ref'd) distinguishable. In that case, Hoffman was made aware of the juror's conviction for burglary prior to the entry of the verdict, yet chose not to raise the issue. *Id.* at 671. Hoffman only questioned the application of article 44.46(1), not article 44.46(2), thus the issue of significant harm was not discussed by the court.

We are cognizant that both article I, section 15[5] and article XVI, section 2 of the Texas Constitution empower the legislature to enact laws to protect the inviolate right of trial by jury. But this necessarily presumes that the laws so enacted will pass constitutional muster and effect the constitution's intent.

Article 44.46(2) does not effect the constitution's purpose to maintain the purity of the jury's composition of qualified persons. As written, article 44.46(2) allows juries to be empaneled with persons who have been "convicted of bribery, perjury, forgery or other high crimes," thereby destroying the jury's purity. Article 44.46(2) is particularly offensive in those cases, such as presented here, where a defendant is unaware, through no fault of his own, of a juror's status as a convicted felon. Indeed, in this case, it was the juror's *affirmative misrepresentation* regarding his status that allowed him to be seated on the jury.

We hold article 44.46 is incompatible with the Texas Constitution. Such statute flies in the face of article XVI, section 2, the purpose of which is to prohibit felons from serving on juries. As stated by the Fort Worth Court of Appeals in *R.R.E. v. Glenn,* 884 S.W.2d 189, 193 (Tex.App.—Fort Worth 1994, writ denied): "It cannot be said that such purity and efficiency [of the right to trial by jury] is maintained by permitting juries to be composed of thieves, robbers, murderers, kidnappers, perjurers, rapists, drug dealers and others convicted of felonies...." The *R.R.E.* court specifically noted the legislature's passage of article 44.46 and stated,

> While we make no holding as to the validity of this article, the effect of our opinion is that a party, whether he be a party to a civil action or a defendant in a criminal action, has not been afforded his constitutional rights if the jury composition in his case includes a person who has been convicted of a felony and has not been pardoned by the Governor.

*R.R.E.,* 884 S.W.2d at 193.

We agree with the reasoning of the Fort Worth Court of Appeals. Article 44.46 is unconstitutional as applied to Perez because, through its application, he failed to receive a fair and just trial before a jury composed of twelve qualified persons. Perez's second point of error is sustained.

Due to our disposition of appellant's second point of error, we need not consider his remaining points of error.

We REVERSE the judgment of the trial court and REMAND for a new trial.

DORSEY, J., files dissenting opinion.

DORSEY, Justice, dissenting.

I disagree with the panel's decision that article 44.46 of the code of criminal procedure, requiring harm be shown when it is discovered that a disqualified juror participated in the verdict, is contrary to article 16, section 2 of the Texas Constitution and thus invalid. The purport of the decision is that the constitution compels that any conviction be reversed, whether under collateral or direct attack, if a juror who is disqualified by felony conviction participated in the verdict. I can find no support for such a construction in the constitution, cases, or history of Texas. Accordingly, I dissent.

---

**4.** *Compare* Tex.Code Crim. Proc. Ann. arts. 35.15(a)(3) and 35.19 (Vernon Supp.1998) (juror absolutely disqualified if he "is under indictment or other legal accusation for theft or any felony"), *with* Tex. Const. art. XVI, § 2 (felons are prohibited from serving on juries).

**5.** The Texas Constitution provides "the right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency." Tex. Const. art. I, § 15.

The acts of the legislature enjoy a presumption of constitutionality under the rules of statutory construction and if a statute can be interpreted in a way that does not conflict with the constitution, we are compelled to favor that construction. TEX. GOV'T CODE ANN. § 312.005 (Vernon 1988); *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App.1979). I believe the majority has disregarded these fundamental canons of statutory interpretation.

The first difficulty with the majority's construction is the plain language of the constitutional provision itself. The applicable sentence of article 16, section 2, states:

*Laws shall be made* to exclude from office, serving on juries, and from the right of suffrage, those who may have been or shall hereafter be convicted of bribery, perjury, forgery, or other high crimes.

TEX. CONST. art. XVI, § 2 (emphasis added).

The constitution does not explicitly exclude those persons from office or from juries. Rather, it directs the legislature *to make appropriate laws* to exclude those persons from office and juries.

The legislature complied with this imperative early in the history of the state and that is reflected in the current code of criminal procedure. Article 35.16(a) of the present code provides that a challenge for cause of a potential juror may be made for a number of reasons, including that he is has been convicted of theft or any felony, or that he is under indictment or other legal accusation for theft or any felony. TEX.CODE CRIM. PROC. ANN. art. 35.16(a) 2 & 3 (Vernon 1989 & Supp.1998). Article 35.19 makes these disqualifications absolute, as is insanity, even though both parties may consent. TEX.CODE CRIM. PROC. ANN. art. 35.19 (Vernon 1989). These identical provisions have been in the predecessor codes of criminal procedure and were carried forward in the recodification in 1965.

However, until 1993 the legislature had not addressed the question of what would result should a convicted felon actually serve on a petit jury. The court of criminal appeals had reached the question in a series of cases: *Heath v. State,* 161 Tex.Crim. 323, 276 S.W.2d 534, 537 (1955) (new trial should be awarded when a disqualified juror served on the jury);*Tweedle v. State,* 153 Tex.Crim. 200, 218 S.W.2d 846, 848 (1949) (a person under indictment or other legal accusation for theft or any felony is absolutely disqualified from jury service);*Russell v. State,* 84 Tex.Crim. 245, 209 S.W. 671, 672 (1919) (a defendant who has been convicted by a jury composed of a juror who has been convicted of a felony requires reversal under (former) code of criminal procedure article 692). In spite of its language that one convicted of a felony is "absolutely disqualified" from jury service, the court of criminal appeals in *Ex parte Bronson* held that the defect in the jury did not render the verdict and judgment of conviction void and subject to *collateral habeas corpus* attack. *Ex parte Bronson,* 158 Tex. Crim. 133, 254 S.W.2d 117, 121 (1953) (the statute then under review mandated the grant of a new trial without a harm showing; however, no constitutional imperative was noted).

Similarly, the Texas Constitution does not address what must result should a convicted felon serve in public office or on a jury. That issue would be inferentially incorporated in its mandate to the legislature to "make laws" in that area, or the matter would be left to the courts to determine the effect of a disqualified person serving. As to service on a jury, the legislature was apparently silent until 1993, when it passed article 44.46, in which it declared that a conviction may be reversed *if* the defendant raises the disqualification of a juror before the verdict is entered. That law also provides that if the disqualification is raised after verdict, the defendant must show that significant harm resulted by the service of the disqualified juror. TEX.CODE CRIM. PROC. ANN. art. 44.46 (Vernon Supp.1998).

Because the constitution was silent as to the remedy for a violation of its rule that convicted felons not serve in public office or on juries, I believe discretion in this area has been conferred on the legislature and that the legislature, through article 44.46, has permissibly satisfied its obligation.

I am also concerned by the majority's acceptance, without explanation, of the equa-

tion of the term "high crimes" as employed by article 16, section 2 with any felony. The majority relies on the reasoning espoused in a 1994 criminal action decided by our sister court in Tyler, *Welch v. State ex rel. Long,* in which that court held: "Neither Welch nor the State cite any authority specifically defining "high crime" as a term of art. In ordinary usage the phrase means nothing more than a serious or grave crime. (Dictionary citation omitted). This suggests, especially after the references to bribery, perjury, and forgery, that the phrase refers to felonies." *Welch v. State ex rel. Long,* 880 S.W.2d 79, 82 (Tex.App.—Tyler 1994, writ denied). Welch, the appellant in that action, was removed from the office of constable for having been convicted of the felony of driving while intoxicated. He argued the constitution did not anticipate mere felons in its proscription of public service from those having committed "high crimes." He argued including that undefined term following the crimes of bribery, perjury, and forgery implied the constitutional prohibition involved crimes of moral turpitude. Considering the nature of the privileges and duties denied the wrong-doers (public office, jury service, and the right to vote), I am inclined to agree with Mr. Welch. Certainly the identifiable crimes listed involve moral turpitude, and the nature of the offices and rights denied the offenders are positions of elevated public trust inconsistent with those proven to be unworthy of such trust.

The *Welch* court, in equating high crimes with simple felonies, bolstered its rationale by reference to a decision out of the 14th District Court of Appeals in Houston in which that court held a convicted felon was constitutionally barred from holding public office due to a prior felony conviction. *Hayes v. Harris County Democratic Executive Comm.,* 563 S.W.2d 884, 885 (Tex.Civ. App.—Houston [14th Dist.] 1978, no writ). The Houston court did not explain its reasoning, simply stating "the relator is barred by the Texas Constitution and the Texas Election Code from holding public office." *Id.* at

885. Certainly the election code makes a felony conviction a disqualification for holding public office.[1] Whether the constitution provides such a disqualification does not, however, appear to me to be a settled question. Both of these cases seem to me to be terribly slender threads to support the proposition upon which the majority relies.

For these reasons, I respectfully DISSENT.

---

1. To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must: ... have not been finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities. Tex. Election Code Ann. § 141.001(a)(4) (Vernon 1986).