NO. AP-77,047

AP-77,047
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/16/2015 12:59:04 PM
Accepted 10/16/2015 1:44:37 PM
ABEL ACOSTA
CLERK

**IN THE**
**COURT OF CRIMINAL APPEALS**
**OF TEXAS**

_granted_
_11-25-15_
_pc_

**KENNETH WAYNE THOMAS,**
Appellant

FILED IN
COURT OF CRIMINAL APPEALS

v.

OCT 16 2015

**THE STATE OF TEXAS,**
Appellee

Abel Acosta, Clerk

**STATE'S MOTION TO ABATE OR, IN THE ALTERNATIVE,**
**EXTEND THE TIME TO FILE BRIEF**

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

THE STATE OF TEXAS, by and through the Criminal District Attorney of Dallas County, respectfully requests that the Court abate the instant appeal, or, in the alternative, extend the time for filing the State's brief for 90 days. In support of this motion, the State would show the following:

**I.**

Appellant is confined pursuant to the judgment and sentence of the 194th Judicial District Court of Dallas County, convicting him of the capital murder of Mildred Finch. On July 23, 2014, the jury answered the special issues so as to support the imposition of a death sentence, and the trial court sentenced him to

1

death. Appeal to this Court is automatic. After requesting three extensions, Appellant's brief was filed on June 22, 2015. The deadline for filing the State's brief was July 22, 2015, however, this Court granted an extension of time until October 20, 2015. This is the State's second request for an extension in this case.

## II.

The State respectfully requests that the Court abate the instant appeal or, in the alternative, extend the deadline for the filing of the State's brief for **90 days**, until **January 18, 2016**.

## III.

The State would show the Court that a reasonable explanation exists for the requested abatement or 90-day extension. First, the clerk's record in the instant cause is incomplete. It lacks documents necessary for the State to respond to the issues raised in Appellant's brief. Second, the undersigned manages an extensive docket, which has prevented completion of the State's brief by the existing October 20th deadline.

### *The Clerk's Record*

On December 23, 2014, the Dallas County District Clerk filed the Clerk's Record in the instant cause. This record is not complete. Of particular significance, it does not contain a signed copy of the trial court's charge and jury verdict in connection with Appellant's punishment trial. The existing record

2

contains the trial court's charge and jury verdict in connection with Appellant's competency trial, but it does not contain the charge and verdict on punishment. In his brief, Appellant raises four challenges to the court's punishment charge. In order to respond to Appellant's claims, the State needs an opportunity to review the charge that was actually used at trial.[1]

In addition to the trial court's charge, the existing clerk's record does not contain the following motions filed by the defense prior to trial:

- Defendant's motion for discovery and inspection;
- Motion for discovery and inspection of information necessary to a fair trial;
- Motion in limine (victim impact type evidence);
- Motion to preserve right to file other motions;
- Motion to preclude the death penalty as a sentencing option;
- Motion for discovery of extraneous offenses at punishment;
- Motion for production of impeachment evidence;
- Defendant's motion for discovery of experts;
- Motion for disclosure of any possible basis for judicial qualification or recusal;
- Motion to preclude the death penalty as a sentencing option and declare Article 37.071 unconstitutional (*Jones v. United States*; *Apprendi v. New Jersey* and *Ring v. Arizona*);
- Motion to declare the "10-12 Rule" unconstitutional;
- Motion to declare V.A.C.C.P. 37.071 unconstitutional and for other relief;
- Motion to hold that Tex. C. Crim. P. Art. 37.01 is unconstitutional;

---

[1] During trial, the State submitted proposed jury instructions. Draft copies exist in the State's trial file. To the best of the undersigned's recollection, however, the charge was revised. At this point, the undersigned cannot discern whether the State's copy accurately reflects the charge actually used at trial. At trial, when the charge was read to the jury it was not transcribed in the reporter's record. (RR70:4).

3

- Motion to declare the Texas capital sentencing scheme unconstitutional and motion to preclude imposition of the death penalty;
- Motion to hold unconstitutional V.A.C.C.P. Art. 37.071 Sec. 2(e) and (f) – Burden of proof;
- Motion to declare Texas death penalty statute to be unconstitutional (Juror's inability to predict future dangerousness);
- Motion to hold unconstitutional V.A.C.C.P. Art. 37.071 Sec. 2(e) and (f) – failure to require mitigation be considered;
- Motion for evidence favorable to the defendant;
- Motion to declare the Texas death penalty capital murder scheme unconstitutional based on the holding of the Supreme Court of the United States in *Smith v. Texas*;
- Motion to preclude the death penalty as a sentencing option and to declare Tex. C. Crim. P. 37.071 unconstitutional (*Ring v. Arizona*);
- Motion to dismiss the death penalty in the State of Texas on the ground that its capital sentencing procedure is unconstitutional due to its failure to meet minimum requirements set forth in *Furman v. Georgia* and its progeny, as evinced by the findings of the Capital Jury Project and other research;
- Defendant's specially requested motion to declare the defendant is "actually innocent" and or in the alternative to declare that he be sentenced to the time he has already served in the penitentiary in the interest of justice.

These motions were presented during a pretrial hearing conducted on June 20, 2014. (RR56:7-21). In his brief, Appellant has raised at least ten constitutional issues in connection with some of the aforementioned motions.

Today, the undersigned, pursuant to Tex. R. App. P. 34.5(c)(1), is delivering a letter to the Dallas County District Clerk's office requesting that the record be supplemented with the aforementioned documents. Tex. R. App. P. 34.5(c)(1). (*See* Exhibit A). The State is concerned, however, regarding the District Clerk's

4

ability to supplement the record.

Since August, the undersigned and Appellant's counsel, Mr. John Tatum, have been working together in an effort to locate the missing charge and motions as well as any other documents that may have been omitted from the record. The District Clerk's file is available online via electronic database. The electronic file (which was transmitted to this Court on 12/23/14) does not contain the above-mentioned documents. The electronic file in Appellant's companion case, F86-85457, does not contain the above-mentioned documents. The parties requested and were granted permission from the trial court to review the District Clerk's paper file. The paper file does not contain the above-mentioned documents. Notably, much of what is contained in the District Clerk's electronic file is not contained in the paper file. It is possible, if not likely, that the parties, in accordance with Rule 34.5(e), will have to provide and stipulate to many of the missing documents. *See* Tex. R. App. P. 34.5(e). The undersigned has notified lead trial counsel for the defense (in the presence of Appellant's appellate counsel) and the prosecution[2] that the clerk's record in this case is incomplete. Both have agreed to assist if necessary. The undersigned has also notified Appellant's habeas counsel, Mr. Michael Mowla.

Given the foregoing, as well as the fact that this case involves an appeal of a

---

[2] The lead prosecutor at trial, Brandon Birmingham, is now the Presiding Judge of the 292nd Judicial District Court.

death sentence, the State respectfully requests that the Court abate the instant appeal and allow the Dallas County District Clerk's Office a reasonable amount of time to supplement the record, either by locating the missing documents or by notifying the parties that the missing records cannot be found at which time the parties may attempt to enter into a stipulation regarding the documents. In the event that the instant appeal is abated, the State respectfully requests that the time for filing the State's brief be extended for **30 days from the date of the filing of the supplemental clerk's record.**

The State fully recognizes that the request for an abatement is unusual. But, this is an unusual case. Appellant was charged with capital murder in two cases, F86-85539 (the instant case, involving complainant Mildred Finch) and F86-85457 (involving complainant Fred Finch). In February 1987, Appellant was tried, convicted and sentenced to death in the Fred Finch case. That conviction was reversed because a juror was disqualified.[3] In September 1987, Appellant was tried, convicted and sentenced to death in the instant cause. On August 25, 2010, this case was remanded for a retrial on punishment due to *Penry* error. The State's only goal in requesting an abatement is simply to allow sufficient time to compile a complete and accurate record in this unusual case. This, unfortunately, is a time-

---

[3] *See Thomas v. State*, 796 S.W.2d 196, 197 (Tex. Crim. App. 1990) (discussing that a juror failed to disclose that, at the time of her jury service, she was on probation for third-degree felony theft and was under legal accusation for misdemeanor theft by check).

consuming process, but one better undertaken now rather than several months or years in the future when the likelihood of recreating a complete and accurate record is far less than it is today.

*The Undersigned's Docket*

In the alternative, the State respectfully requests that this Court extend the time for filing the State's brief by an additional 90 days. In addition to trying to ensure that the clerk's record in this case is complete, the undersigned counsel manages an extensive capital and non-capital docket. Since Appellant's brief was filed in this case, the undersigned has been responsible for the following:

- Reviewing the 170-page application for writ of habeas corpus in a death penalty case, *Ex parte Matthew Lee Johnson* and drafting the State's response (originally due September 25, 2015 but extended to November 24, 2015);

- Preparing the State's electronic trial file for open file review in a death penalty case, *Ex parte Matthew Lee Johnson* (provided October 1, 2015[4]);

- Preparing the State's paper trial file for open file review in a death penalty case, *Ex parte Matthew Lee Johnson* (on-going);

- Researching, drafting, and filing the State's brief in the Fifth District Court of Appeals in a non-death penalty capital murder case, *William Gerard Palmer v. The State of Texas* (filed September 15, 2015);

- Researching, preparing, and delivering oral argument in the Fifth

---

[4] On October 1, 2015, the State delivered to counsel for the Office of Capital Writs a thumb-drive containing 3.88GB of documents, the majority of which the undersigned reviewed page-by-page for confidential information.

District Court of Appeals in *William Gerard Palmer v. The State of Texas* (September 23, 2015);

- Preparing and appearing to present evidence in hearings in connection with the following non-capital applications for writ of habeas corpus:

    o *Ex parte Octavio Gonzalez* (July 1, 2015);
    o *Ex parte Daniel Perez* (July 24, 2015);
    o *Ex parte Adolfo Maturino* (August 27, 2015);
    o *Ex parte Jerrell Dittman* (September 11, 2015);
    o *Ex parte Robert Thomas* (October 2, 2015);

- Drafting and filing the State's response to numerous non-capital applications for writs of habeas corpus;

- Drafting and filing the State's Proposed Order Designating Issues and the State's Proposed Findings of Fact and Conclusions of Law in connection with multiple non-capital applications for writs of habeas corpus.

- Preparing the District Attorney's trial file for open file review in connection with the following non-capital applications for writs of habeas corpus:

    o *Ex parte Kevin Bernard Stern*;
    o *Ex parte Walter Davis*;
    o *Ex parte Scott Arthur Gardner.*

- Researching, preparing, and presenting a workshop at the annual Crimes Against Children Conference.

The undersigned was out of the office for several days following the death of a very close family member on June 19, 2015 and on October 12, 2015 to care for her child over the Columbus Day school holiday. The undersigned will also have to be out of the office on October 22, 2015, November 24, 2015 (half-day), and

8

November 25-27, 2015 to care for her child over the school and Thanksgiving holidays.

Additionally, on October 7, 2015, this Court ordered briefing in connection with two of the undersigned's assigned writs, *Ex parte Anthony Johnson*, No. WR-82,850-01 and -02. The State's brief is due on December 7, 2015.

### *Appellant's Brief*

Appellant has filed a **160-page** brief presenting **67 issues** for review regarding the pre-trial phase (which included a competency trial) and the punishment phase. **Thirty-six** of Appellant's issues concern the selecting and seating of the jury, therefore a review of the entire voir dire record (including the lengthy questionnaires) is required *in addition to* a review of the entire competency trial as well as the trial on punishment.[5] The undersigned is diligently working to research and brief all issues.

### IV.

The undersigned has consulted with Appellant's appellate counsel and he has no objection to the State's request for an abatement or, in the alternative, a 90-day extension of time to file the State's brief.

### V.

---

[5] The reporter's record consists of 72 volumes.

For all of the foregoing reasons, the State respectfully requests that this Court abate the instant appeal so that the Clerk's Record may be properly supplemented. Should the appeal be abated, the State requests that the deadline for filing the State's brief be extended thirty days after the filing of the supplemental clerk's record. Alternatively, the State requests that the time for filing the State's brief be extended **until January 18, 2016** (ninety days).

Respectfully submitted,

*Christine Womble*

**Christine Womble**

**Susan Hawk**
**Criminal District Attorney**
Dallas County

**Assistant District Attorney**
State Bar No. 24035991
Frank Crowley Courts Bldg
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3625 *phone*
(214) 653-3643 *fax*
CWomble@dallascounty.org

I certify that a true copy of this motion was served on John Tatum, counsel for Appellant, 990 South Sherman Street, Richardson, Texas, 75081, via email and e-service on October 16, 2015.

*Christine Womble*

Christine Womble

10

# EXHIBIT A



SUSAN HAWK
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

October 16, 2015

Ms. Felicia Pitre, District Clerk
Dallas County District Clerk's Office
133 N. Riverfront Blvd., LB-12
Dallas, Texas 75207-4300

> Re: **Appellate Cause No. AP-77,047;**
> **Trial Court Cause No. F86-85539;**
> ***Kenneth Wayne Thomas v. The State of Texas***
> ****\*** DEATH PENALTY CASE ****\***

Dear Ms. Pitre:

On July 23, 2014, Kenneth Wayne Thomas was sentenced to death for the capital murder of Mildred Finch. An appeal of his conviction is currently pending before the Court of Criminal Appeals.

On December 23, 2014, the Dallas County District Clerk's Office filed the Clerk's Record in the Court of Criminal Appeals. This record is incomplete. Please allow this letter to serve as a request for the Dallas County District Clerk to supplement the record in the aforementioned cause.

Rule 34.5(a) of the Texas Rules of Appellate Procedure provides, in pertinent part, as follows:

> (a) Contents. Unless the parties designate the filings in the appellate record by agreement under Rule 34.2, the record must include copies of the following:
>
> . . .
>
> > (2) In criminal cases, the indictment or information, any special plea or defense motion that was presented to the court and overruled, any written waiver, any written stipulation, and, in cases in which a plea of guilty or nolo contendere has been entered, any documents executed for the plea;
>
> > . . .
>
> > (4) The court's charge and the jury's verdict, or the court's findings of fact and conclusions of law;
>
> > . . .

> (6) Any request for findings of fact and conclusions of law, any post-judgment motion, and the court's order on the motion;

Tex. R. App. P. 34.5(a). At a minimum, the existing clerk's record (the record forwarded to the CCA on 12/23/14) is missing the following documents: multiple motions filed by the defense in August and September of 2013; and, the court's charge and jury verdict. The existing clerk's record contains a copy of the July 8, 2014 charge of the court in connection with Thomas' competency trial, but it does not contain a copy of the court's charge and jury verdict *in connection with Thomas' punishment trial.* The existing clerk's record also does not contain copies of the following motions filed by the defense in August and September 2013:

- Motion to require statutorily mandated DNA testing in advance of jury selection and trial, subject to waiver of death penalty;
- Defendant's motion for discovery and inspection;
- Motion for discovery and inspection of information necessary to a fair trial;
- Motion in limine (victim impact type evidence);
- Motion to preserve right to file other motions;
- Motion to preclude the death penalty as a sentencing option;
- Motion for discovery of extraneous offenses at punishment;
- Motion for production of impeachment evidence;
- Defendant's motion for discovery of experts;
- Motion for disclosure of any possible basis for judicial qualification or recusal;
- Motion to preclude the death penalty as a sentencing option and declare Article 37.071 unconstitutional (*Jones v. United States*; *Apprendi v. New Jersey* and *Ring v. Arizona*);
- Motion to declare the "10-12 Rule" unconstitutional;
- Motion to declare V.A.C.C.P. 37.071 unconstitutional and for other relief;
- Motion to hold that Tex. C. Crim. P. Art. 37.01 is unconstitutional;
- Motion to declare the Texas capital sentencing scheme unconstitutional and motion to preclude imposition of the death penalty;
- Motion to hold unconstitutional V.A.C.C.P. Art. 37.071 Sec. 2(e) and (f) – Burden of proof;
- Motion to declare Texas death penalty statute to be unconstitutional (Juror's inability to predict future dangerousness);
- Motion to hold unconstitutional V.A.C.C.P. Art. 37.071 Sec. 2(e) and (f) – failure to require mitigation be considered;
- Motion for evidence favorable to the defendant;
- Motion to declare the Texas death penalty capital murder scheme unconstitutional based on the holding of the Supreme Court of the United States in *Smith v. Texas*;
- Motion to preclude the death penalty as a sentencing option and to declare Tex. C. Crim. P. 37.071 unconstitutional (*Ring v. Arizona*);

Frank Crowley Courts Building, 133 North Riverfront Boulevard, LB-19 Dallas, Texas 75207-4399 (214) 653-3600

2

- Motion to dismiss the death penalty in the State of Texas on the ground that its capital sentencing procedure is unconstitutional due to its failure to meet minimum requirements set forth in *Furman v. Georgia* and its progeny, as evinced by the findings of the Capital Jury Project and other research;
- Defendant's specially requested motion to declare the defendant is "actually innocent" and or in the alternative to declare that he be sentenced to the time he has already served in the penitentiary in the interest of justice.

Rule 34.5(c)(1) provides that "[i]f a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." Tex. R. App. P. 34.5(c)(1). In accordance with Rule 34.5(c)(1), the undersigned respectfully requests that the Dallas County District Clerk review its file in the instant cause, locate the aforementioned documents (and any other relevant filings not listed above), and then prepare and file with the Court of Criminal Appeals, a supplemental clerk's record.

Your assistance in this matter is greatly appreciated. Should you have any questions or concerns please feel free to contact me via telephone or email.

Sincerely,

Christine Womble
Assistant District Attorney
State Bar No. 24035991
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3625
(214) 653-3643 *fax*
CWomble@dallascounty.org

cc:

The Court of Criminal Appeals (via e-filing)
The Hon. Ernest White, Judge of the 194th Judicial District Court (via email)
John Tatum (via email)
Michael Mowla (via email)