TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-00-00734-CV




Duane Preiss, Individually, and as Next Friend of Alexis Preiss and Ronni Preiss, Minor
Children, and as Representative of the Estate of Traci L. Rasmussen-Preiss,
Deceased; and Shirley Rasmussen, Appellants

v.

Charles E. Moritz, M.D.; Central Texas Kidney Associates, P.A.; Wilbert Polson, M.D.;
and Austin Radiological Association, P.A., Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
NO. 98-12024, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING




══════════════════════════
DISSENTING OPINION
══════════════════════════


                        Because service on a jury by a disqualified juror does not automatically mandate a
new trial, and the district court—after a hearing—determined that Preiss failed to meet his burden
of showing (i) due diligence and (ii) harm, I would uphold the district court’s judgment.


 For these
reasons, I respectfully dissent.
                        The question before the Court is whether the trial court abused its discretion in
denying appellants’ first amended motion for new trial. “It is well established that the grant or denial
of a motion for new trial is within the discretion of the trial court.” State v. Read, 965 S.W.2d 74,
77 (Tex. App.—Austin 1998, no pet.). Appellate review of a trial court’s determination to grant or
deny a motion for new trial is conducted under an abuse of discretion standard. State v. Gonzalez,
855 S.W.2d 692, 693-94 (Tex. Crim. App. 1993). A trial judge’s ruling on a motion for new trial
is presumed to be correct. See Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex.
1987); Lee v. State, 322 S.W.2d 260, 262 (Tex. Crim. App. 1958). Therefore, reversal is appropriate
only when the trial judge’s decision was so clearly wrong as to lie outside that zone within which
reasonable persons might disagree. Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998); Cantu v.
State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). A trial court does not abuse its discretion
merely because a reviewing court would reach a different conclusion. Downer v. Aquamarine
Operations, 701 S.W.2d 238, 241-42 (Tex. 1985). So long as the trial court’s action was not without
reference to guiding principles and rules of law, it should be sustained. Id.
                        Here, the trial court’s ruling is supported by the record. A hearing on the matter was
held and the court determined that Preiss failed to meet his burden of either due diligence or harm. 
The record reveals that, other than what was contained in the juror questionnaire, Preiss did not ask
a single question of Garcia. Under the deferential abuse of discretion standard, then, the district
court can be said to have had sufficient basis to conclude that the duty of due diligence was not met. 
Additionally, because Garcia was mistakenly under indictment and such charges were immediately
dropped upon being brought to the Travis County Attorney’s attention, sufficient support exists to
uphold the trial court’s determination that Preiss was not harmed. These facts require this Court to
affirm the trial court.
                        At the outset, the majority concedes that this is not a juror misconduct case. Instead,
the analysis focuses on the consequences of a juror’s failure to disclose information on a juror
questionnaire. This distinction is significant because, absent certain specifically enumerated grounds
for which a new trial must be granted, see Tex. R. App. P. 21.3, a trial court has broad discretion to
grant or deny a motion for new trial, see Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995);
see also Reyes v. State, 849 S.W.2d 812, 814-15 (Tex. Crim. App. 1992). Where a juror
unintentionally misrepresents or omits information, a new trial is appropriate only where the movant
establishes a material injury. Jones v. State, 596 S.W.2d 134, 137 (Tex. Crim. App. 1980).
                        The majority summarily concludes that Preiss was materially injured as a matter of
law by relying on the supreme court’s per curiam opinion in Palmer Well Services, Inc. v. Mack
Trucks, Inc., 776 S.W.2d 575 (Tex. 1989). This determination is significant because unless Preiss
sustained his burden of showing the trial court that he exercised due diligence—that he satisfied his
“obligation to ask questions calculated to bring out that information which might be said to indicate
a juror’s inability to be impartial, truthful, and the like”—reversal is not warranted. Jones, 596
S.W.2d at 137. The trial court determined that Preiss failed to demonstrate materiality. Unlike the
parties in Palmer, here the issue of due diligence has not been conceded. For this reason, the present
case is distinguishable from Palmer. Recognizing this distinction, the majority nevertheless relies
on Palmer to conclude that “it is beyond dispute that Preiss is similarly situated to Palmer Well
Services [and therefore w]e must hold that Preiss was materially injured as a matter of law.” 
Because Preiss established only that Garcia’s questionnaire contained a misrepresentation or
omission, he failed to carry his burden of establishing either harm or due diligence, both required by
Palmer. By incorrectly assuming Preiss was similarly situated to Palmer, the majority erroneously
determines Preiss was materially injured as a matter of law.
                        Since Palmer, this Court has specifically addressed the effect of service by an
absolutely disqualified juror on two occasions. See State v. Read, 965 S.W.2d 74, 76 (Tex.
App.—Austin 1998, no pet.); Hernandez v. State, 952 S.W.2d 59, 71 (Tex. App.—Austin 1997),
vacated on other grounds by 957 S.W.2d 851 (Tex. Crim. App. 1998). Hernandez involved a case
where a prospective juror was specifically asked during voir dire whether she had been convicted
of theft. Hernandez, 952 S.W.2d at 70. She answered “No.” Id. After trial it was discovered that
a misdemeanor theft complaint was on file in the county clerk’s office, alleging theft by check of
more than $20 but less than $200. Id. Hernandez argued that as a matter of law service of a
disqualified juror constituted significant harm. Id. at 71. This Court rejected Hernandez’s argument. 
Id.
                        We recognized that the juror could not have been “said to have withheld information
or given a misleading answer because she was not then aware of the theft complaint.” Id. at 70. 
Similarly, in the present case, it is undisputed that Garcia was not aware of her pending misdemeanor
theft complaint.


 While the majority argues that “[t]here is no reason to believe that had additional
questions been asked, Garcia would have responded differently[,]” here, as in Hernandez, there is
no dispute that follow-up questions would not have elicited a different response from Garcia. That
she was unaware of any pending charges makes it likely that, regardless of what question was asked
regarding the pending charges, her answer would have been the same. Inasmuch as the test set forth
by Hernandez is a subjective one, specifically, whether the prospective juror was subjectively truthful
in answering questions presented during voir dire or on a questionnaire, the application and
determination of the test is best left to the district court’s discretion. Because the majority
acknowledges that Garcia answered truthfully and was not aware of the pending charge, the district
court cannot be said to have erroneously determined that Garcia withheld information that would
disqualify her from service.
                        Even assuming Garcia was statutorily disqualified, in Hernandez we rejected the
contention that service by an automatically disqualified juror mandates a new trial. Id. at 71. We
stated that

when the presence of an absolutely disqualified juror is not discovered or brought to
the attention of the trial court until after the verdict is entered, the defendant is
entitled to a new trial only if he demonstrates that the juror’s service caused him
significant harm beyond the mere fact of conviction.
 
 
Id. Finding Hernandez made no attempt to show harm beyond his conviction, this court overruled
his point of error. Id. Because Preiss points us to no evidence of harm other than an adverse verdict,
this issue should be overruled.
                        Just one year after Hernandez, in a case with identical facts as here, this Court again
addressed the issue of juror disqualification. See State v. Read, 965 S.W.2d 74 (Tex. App.—Austin
1998, no pet.). In Read, the juror failed to disclose his criminal history, despite specific inquiries
both on a juror questionnaire and during voir dire. Id. at 76. The juror was given a card containing
the question: “Have you ever been an accused, complainant or witness in a criminal case?” Id. The
juror responded “No.” Id. After trial, it was discovered that the juror had indeed been convicted of
misdemeanor theft. Id. The movant timely filed a motion for new trial, the court conducted a
hearing, and a new trial was granted. Id. The State appealed, arguing that the trial court erred in
granting Read a new trial. Id.
                        Analyzing the trial court’s ruling on the motion for new trial using an abuse of
discretion standard, we reaffirmed the principles set forth in Hernandez. Id. at 77-78. This Court
noted that conviction alone “does not establish the sort of ‘significant harm’ required” under a due
diligence analysis. Id. at 77. More importantly, we extensively discussed the standard of review
appropriate for a motion for new trial and determined that, absent an arbitrary or unreasonable ruling,
the trial court should be affirmed. Id. at 77-78.
                        The majority justifies its result by distinguishing our prior holdings in Hernandez and
Read as nonbinding criminal cases. The majority treats criminal and civil juror disqualification cases
differently for purposes of article 44.46, while at the same time recognizing that “section 62.102
prescribes qualifications for jurors in civil and criminal cases.” No other court has drawn that
distinction. When confronted with an analogous question, the court of criminal appeals declined that
distinction. See Mayo v. State, 4 S.W.3d 9, 12 (Tex. Crim. App. 1999). Instead, the court of
criminal appeals recognized that when there are two provisions concerning the same subject matter,
they should be construed in a manner giving effect to both. Id. at 11. Here, that means not creating
separate standards for civil and criminal cases.
                        This Court recognized that article 44.46 was a legislative response to the court of
criminal appeals’ aberrational decision in Thomas v. State, 796 S.W.2d 196 (Tex. Crim. App. 1990). 
See Hernandez, 952 S.W.2d at 69. In Thomas, the court held that “service by an absolutely
disqualified juror was an error that could not be waived and that required a new trial without a
showing of harm.” 796 S.W.2d at 198-99. Instead of creating a new standard for criminal cases, the
legislature’s enactment of article 44.46 corrected the result in Thomas—the same result the majority
reaches today—of creating separate criminal and civil standards.
                        In the present case, although the majority correctly states the standard of review, they
then overstep their bounds by “tip[ping] the balance in favor of Preiss.” As discussed in
Hernandez and reaffirmed in Read, our job is not to determine whether the trial court came to, what
is in our estimation, the “right” conclusion. Rather, we are to review the record and determine
whether the trial court’s decision was arbitrary or unreasonable. This decision unfortunately
provides an impetus for post-verdict investigation of jurors. The majority today creates an incentive
for counsel to wait until after a verdict is rendered to investigate jurors, thereby rewarding counsel
for lack of diligence. If a disqualified juror is found to have participated in the verdict, the majority’s
decision has created an automatic ground for a new trial, regardless of the trial judge’s findings of
harm and diligence. Additionally, the majority’s opinion raises the disturbing question of why it
should be easier to obtain a new trial in a civil case than in a criminal case.
                        Because there is a legal basis upon which to uphold the lower court ruling, we are
precluded from determining the trial court acted in an arbitrary or unreasonable manner. To hold
otherwise, oversteps the bounds of appellate review under an abuse of discretion standard and
undermines the jury’s verdict in this case, all while contravening the principles of stare decisis. For
these reasons, I dissent.
 
 
                                                                                                                                                             
                                                                        Jan P. Patterson, Justice
Before Chief Justice Aboussie, Justices Yeakel and Patterson
Filed: October 11, 2001
Publish