### Ralph Richardson v. The State.

No. 10386.   Delivered February 2, 1927.

**Theft From Person—Defensive Theory—Not Submitted—Error.**

Where, on a trial for theft from the person, appellant's defensive theory, which was supported by evidence, was that he did not take the pocketbook from the injured party, but picked it up from the ground, this issue should have been affirmatively submitted to the jury. In cases in which an affirmative defensive theory arises from the evidence, it is necessary, upon proper demand, that an instruction be given the jury to acquit, if they find the defensive theory to be true. See White v. State, 18 Tex. Crim. Rep.; Rose's notes Tex. Rep. Vol. 51, p. 447. Following McMahon v. State, 50 Tex. Crim. Rep. 244.

Appeal from the District Court of El Paso County. Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction for theft from the person, penalty two years in the penitentiary.

The opinion states the case.

*John T. Hill* of El Paso, for appellant. On refusal of court to submit defensive issue, the appellant cites: Clark v. State, 29 S. W. 382; McMahon v. State, 50 Tex. Crim. Rep. 244; Felts v. State, 53 Tex. Crim. Rep. 48; Herr v. State, 105 S. W. 190; Hays v. State, 39 S. W. 106; Martin v. State, 122 S. W. 558, and Jones v. State, 13 Texas, 168-186.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is theft from person, punishment fixed at confinement in the penitentiary for a period of two years.

According to the state's witness Mendez, he heard an outcry and went into an alley where he found the alleged injured party Rivera, who was staggering and apparently in a drunken condition. Before going to Rivera the witness saw two men run out of the alley. He apprehended them. In the possession of the appellant there was a pocketbook containing some money and a passport, of which the officer took possession. Rivera testified that he was attacked while walking upon the street; that he was beaten and robbed of his passport and money. Appellant introduced testimony to the effect that Rivera was in a public house; that he was drunk, boisterous and insulting, and was put out by the appellant at the request of the keeper of the house. In putting him out, Rivera resisted and threw rocks at the house.

According to the appellant's testimony, he and his companion Jack went into the street to a point where Rivera was throwing rocks. Jack remained with Rivera while the appellant went for a policeman. Upon the appellant's return, Jack walked off a few steps, and the appellant asked Rivera what he had. Rivera replied: "I haven't got a damn thing," and pulled out a pocketbook and handkerchief and threw them on the ground. Rivera picked up the handkerchief and started to walk off. Appellant picked up the pocketbook and followed Rivera about three or four steps to where Jack was standing. Rivera then began crying and asked for his passport. When shown the pocketbook by the appellant, Rivera said he did not want it but wanted his passport. According to the appellant, he had the pocket-

book in his left hand with which he had picked it up; that he had not looked into it and did not know what it contained; that he and Jack walked with Rivera about a half block on Oregon Street when an officer came up. They were not carrying Rivera but he needed help as he was drunk and staggering. Appellant said he had no intention of appropriating the pocketbook or its contents; that after picking it up he offered it to Rivera, as above stated, who refused to accept it.

The court submitted to the jury the law on the offense of robbery, as well as that of theft from the person. The jury acquitted the appellant of robbery but found him guilty of theft from the person. In submitting the latter issue, the court used the following language:

"If you believe from the evidence, beyond a reasonable doubt, that at the time and place mentioned in the indictment, either or both of these defendants, fraudulently and so suddenly as not allow time to make resistance before the property was carried away, took any of the property from F. Rivera described in the indictment, find him or them, as the case may be, guilty of theft from the person and assess the punishment at confinement in the penitentiary for not less than two nor more than seven years."

There are two bills of exceptions. One of them complains of the court's failure to instruct upon the appellant's defensive theory, namely, that the pocketbook found in the possession of the appellant at the time of his arrest was not taken by him or his companion Jack from Rivera, the alleged injured party, but was picked up off the ground where Rivera had thrown it. In the other bill complaint is made of the refusal of the court to give a special charge submitting the defensive theory mentioned. In the bill last mentioned, the evidence upon which the demand is predicated is set out and the bill is approved without qualification by the trial judge. In the bill the evidence of the appellant, as above stated in substance, is set out in detail.

The state's attorney before this court concedes that in refusing to submit the defensive theory of the appellant, namely, that the pocketbook was not taken from Rivera and was not snatched from his person but that Rivera threw it upon the ground and the appellant picked it up, the learned trial judge was in error. In cases in which an affirmative defensive theory arises from the evidence, it is necessary, upon proper demand, that an instruction be given the jury to acquit if they find the defensive theory to be true. White v. State, 18 Tex. Crim. App.

57; Rose's Notes, Tex. Rep., Vol 5, p. 447. As applied to the present appeal, the case of McMahon v. State, 50 Tex. Crim. Rep. 244, is in point.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*