LILLIAN DEWEES V. THE STATE.

No. 13686. Delivered November 12, 1930.
Reported in 32 S. W. (2d) 466.

The opinion states the case.

*Jas. A. Harrison* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Raiding officers testified to the presence in the home of appellant of five pints of whisky. Appellant for herself testified in part that her former husband was then in the insane asylum at Terrell and that he left about three weeks previous thereto; that prior to that time she was taking care of him; that he was insane; that he was in the whisky business and was convicted in Federal Court for a violation of the liquor law and further testified: "I told them (meaning the officers) Mr. Berwick left the whisky there and it had been in the house ever since he was taken away, after he lost his mind the doctor said for him to take whisky all the time. * * * He left whisky in the house. I had put it in the pint bottles and set it in the cabinet."

Objection was made that the Court failed to charge the affirmative defense of appellant. The only defense we find submitted is in the following language:

"You are further instructed that possession of whisky for medicinal purposes is not unlawful, and if you believe from the evidence, or if you have a reasonable doubt thereof, that the defendant had the whisky in her possession, which is charged in the indict-

ment, for medicinal purposes, then you will acquit the defendant and say by your verdict not guilty."

If we comprehend this record, appellant's real defense is based upon that part of her testimony above quoted, that is that the whisky was left there by her husband and set in the cabinet by her where it was found by the officers. Her real defense did not seem to be that the whisky in question was possessed by her for medicinal purposes, as was submitted in the above charge. Her real defense was not in our opinion defensively submitted to the jury. The defendant is always entitled to an affirmative presentation of his defense. Vernon's Tex. C. C. P., Art. 658, Note 2, and authorities there collated; Patterson v. State, 5 S. W. (2d) 993; Modica v. State, 105 Tex. Crim. Rep. 39.

For this error, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.