R. A. DODD v. THE STATE.

No. 13952. Delivered January 23, 1931.

496

The opinion states the case.

*Currie McCutcheon,* of Dallas, and *J. Everett Cline,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is robbery; penalty assessed at confinement in the penitentiary for a period of five years.

From the testimony of the State's witness Costner the following in substance is made to appear: After coming out of a pawn-shop with fifteen dollars in his pocket, he walked out on the street where he had a conversation with two men, one of whom was the appellant. One of the men made inquiry about the whereabouts of his uncle, and also about paying some money for finding some girls. The witness went to what was described as Baptist Hill to see a friend of his wife who lived on Sixteenth Street. As he was walking along in the Santa Fe Railroad yards, the witness was accosted by the appellant (one of the men mentioned above) who suddenly appeared with a knife in his hand and demanded money. As the witness drew his money from his pocket he dropped a five-dollar bill on the ground. The appellant picked up the bill and then endeavored to snatch a ten-dollar bill from the hand of the witness, and in doing so he tore the bill in two. Costner finally surrendered the balance of the ten-dollar bill upon the appellant's threat by the use of the knife. Costner denied having engaged in a crap game. He claimed that the appellant had talked about a crap game and said that he had lost some money but had plenty more. The witness claimed that he had not played craps or lost any money; that he had never played craps. As we understand the testimony, Costner saw the appellant at the police station at one time and did not recognize him as his assailant, but that at another time he did recognize him. He identified the appellant on the trial as his assailant and claimed that he had a large knife open.

A city detective testified that the robbery was reported to him by the witness Costner who described his assailant; that several days later the appellant was arrested as answering the description given by Costner. At the time of his arrest the appellant had a very small amount of money on his person.

The appellant testified in substance as follows: He gave his address

at a certain street in Dallas. He said that he had heard the testimony of the prosecuting witness and that it was not true. From his testimony we quote:

"I had a five-dollar bill and got broke, and he lost what he had in a crap game."

According to the appellant's version, one of the two men whom he met on the street, together with the prosecuting witness, engaged in a crap game in which the witness, as well as the appellant, lost his money. The other man won it. The name of the man was Fat Goodson. Appellant said that he had often seen the prosecuting witness at a certain club on Ninth Street.

A number of bills of exception complaining of the rulings of the court upon the introduction of evidence are found in the record, but they are in question and answer form and for that reason cannot be considered.

By exception to the charge and a special charge, complaint was made of the refusal of the court to instruct the jury to acquit the appellant of the crime of robbery, if the prosecuting witness had lost his money in a game of craps. It is believed that the appellant was entitled to such an instruction. There were but two witnesses to the transaction, namely, the appellant and the alleged injured party. Their testimony is conflicting. The appellant claims in substance that the injured party lost his money in a game of craps in which the appellant also took part and lost some money. This was denied by the State's witness. No affirmative defensive issue was submitted to the jury in the court's charge. It is believed that in failing to submit the issue mentioned for determination by the jury, there was error committed which was prejudicial to the accused.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*