J. M. REYMOND, ALIAS JIMMIE RAYNO v. THE STATE.

No. 14822.   Delivered April 13, 1932.

The opinion states the case.

*Chandler & Keith,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE. — The offense is theft; penalty assessed at confinement in the penitentiary for two years.

The property involved is one Wilson 8¼ oil well elevator and one Frick-Reed generator.   According to the state's testimony, the alleged stolen property was found in possession of the appellant.

Owen, the alleged owner, and other state's witnesses testified to circumstances which, if believed to be true by the jury, were sufficient to show that the property described in the indictment was stolen from Owen and that the appellant, either alone or in company with one Woodfin, committed the theft.   The property, which the state's witnesses identified as that which had been stolen, was found in possession of the appellant. He accounted for his possession of the property by the testimony that he purchased it from one Giles, and Giles testified that he sold to the appellant some property of the same description as that which was stolen.

Woodfin testified for the state inculpating the appellant.   He claimed to have acted with the appellant in committing the theft.

The only affirmative defensive issue presented by the appellant was that of alibi.   Appellant requested a charge that if the property found on his premises was purchased from Giles, or if they had a reasonable doubt upon that subject, they should find the appellant not guilty.

State's counsel concedes that the error is a serious one and probably requires a reversal of the conviction unless rendered harmless by the charge an alibi. The evidence pertinently raised an issue, both as to the purchase of the property as well as to the alibi. There should have been an instruction to the jury to acquit if the appellant purchased the property from Giles. See Dewees v. State, 116 Texas Crim. Rep., 221, 32 S. W. (2d) 466; Dodd v. State, 117 Texas Crim. Rep., 495, 35 S. W. (2d) 168; Wood v. State, 118 Texas Crim. Rep., 99, 39 S. W. (2d) 1094. In these citations are listed many older cases.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*