NUMBER 13-08-522-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DAVID ALAN RODRIGUEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court 

of Jackson County, Texas.

 


DISSENTING MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Vela


Dissenting Memorandum Opinion by Justice Vela
 


 I respectfully dissent from the majority's opinion because I believe that the
admission of the complained-of evidence did not amount to an abuse of discretion. I would
hold that this evidence was admissible to show Rodriguez's opportunity to commit the
charged offense, and that the probative value of this evidence substantially outweighs any
danger of unfair prejudice.

 We review a trial court's decision to admit evidence over objection under an abuse
of discretion standard, and should not reverse that decision absent a clear abuse of
discretion. See McCarty v. State, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). The
abuse of discretion standard applies to questions of the admissibility of evidence under
rules 402-404 of the Texas Rules of Evidence. Brimage v. State, 918 S.W.2d 466, 506
(Tex. Crim. App. 1996). A trial court abuses its discretion when the decision lies outside
the zone of reasonable disagreement. McCarty, 257 S.W.3d at 239. We must uphold the
trial court's evidentiary ruling if it is correct under any applicable theory of law. Trevino v.
State, 991 S.W.2d 849, 853 n.5 (Tex. Crim. App. 1999). This is true even when the trial
court gives the wrong reason for its decision. Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990).

 Rule 404(b) of the rules of evidence states that "[e]vidence of other crimes, wrongs,
or acts is not admissible to prove the character of a person in order to show action in
conformity therewith." Tex. R. Evid. 404(b); see Martin v. State, 173 S.W.3d 463, 466
(Tex. Crim. App. 2005) (quoting same). Rule 404(b) further provides that extraneous
offense evidence may "be admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident[.]" See Martin, 173 S.W.3d at 466. Rule 404(b)'s list of admissible purposes is
illustrative, rather than exhaustive, and extraneous offense evidence may be admissible
when a defendant raises a defensive issue that negates an element of the offense. See
id.

 Rodriguez visited the victim, John Torres, on June 16, 2006. After buying more than
a six pack of beer in Ganado, Torres and Rodriguez picked up Torres's girlfriend, M.E.,
who lived in Victoria. Torres testified that before this occasion, he told Rodriguez that M.E.,
who had a mental disability, was "not like most girls, she's different, way different." At
about 1:00 a.m., Rodriguez and Torres took M.E. home and went to a bar, where
Rodriguez drank "a lot" of beer. Torres and Rodriguez left the bar about 2:30 a.m. and
drove back to Torres's home in Ganado, where the charged offense occurred. 

 M.E. testified that at about 1:00 a.m. on June 18, 2006, Rodriguez came to her
home and picked her up. M.E. thought she was going to see Torres, but instead she
engaged in sex with Rodriguez.

 In his grand jury testimony, which was played to the jury, Rodriguez testified that he
traveled to Ganado on June 16, 2006, to report to his probation officer and returned to
Houston later that evening because he had to work the next day. This testimony left the
jury with the impression that Torres was untruthful about the events of June 16 and 17 and,
therefore, Rodriguez could not have burglarized Torres's home. Accordingly, Rodriguez's
grand jury testimony raised a defensive issue before the jury that negated an element of
the charged offense.

 Because Rodriguez had arrived at M.E.'s house at about 1:00 a.m. on June 18 for
the purpose of having a sexual encounter with her, the complained-of evidence was
admissible under rule 404(b) because it assisted the jury in drawing an inference that
Rodriguez remained in the area after seeing his probation officer and, therefore, had the
opportunity to burglarize Torres's home. Thus, I would hold that this evidence was
admissible under rule 404(b).


 Although admissible under rule 404(b), evidence may still be excluded under rule
403 if the danger of unfair prejudice substantially outweighs its probative value. Tex. R.
Evid. 403 (1); Rogers v. State, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999). The court of
criminal appeals has explained that the term "unfair prejudice"

 refers not to an adverse or detrimental effect of evidence but to an undue
tendency to suggest a decision on an improper basis, commonly an
emotional one. Unfair prejudice does not arise from the mere fact that
evidence injures a party's case. Virtually all evidence that a party offers will
be prejudicial to the opponent's case, or the party would not offer it. 
Evidence is unfairly prejudicial only when it tends to have some adverse
effect upon a defendant beyond tending to prove the fact or issue that
justifies its admission into evidence. The prejudicial effect may be created
by the tendency of the evidence to prove some adverse fact not properly in
issue or unfairly to excite emotions against the defendant.


Casey v. State, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007) (citations omitted).

 "Rule 403 favors admission of relevant evidence and carries a presumption that
relevant evidence will be more probative than prejudicial." Shuffield v. State, 189 S.W.3d
782, 787 (Tex. Crim. App. 2006); Brimage, 918 S.W.2d at 505. "Rule 403 requires
exclusion of evidence only when there exists a clear disparity between the degree of
prejudice of the offered evidence and its probative value." Brimage, 918 S.W.2d at 506. 
A proper rule 403 "analysis includes, but is not limited to, the following factors: (1) the
probative value of the evidence; (2) the potential to impress the jury in some irrational, yet
indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need
for the evidence." Prible v. State, 175 S.W.3d 724, 733 (Tex. Crim. App. 2005); Arroyo v.
State, 259 S.W.3d 831, 837 (Tex. App.-Tyler 2008, pet. ref'd).


 In balancing the probative value of the evidence against the danger of unfair
prejudice, it should be noted that the State spent relatively little time developing the
complained-of evidence, including P.E.'s testimony about M.E.'s mental disability, as
opposed to the total amount of time devoted to its case-in-chief. I am not persuaded that
this evidence had a tendency to suggest a decision on an improper basis or that it
impressed the jury in an irrational way. Further, any prejudice inherent in the admission
of an extraneous conduct can be lessened in at least two ways. Robinson v. State, 701
S.W.2d 895, 899 (Tex. Crim. App. 1985). First, "[i]ntroduction of the evidence as a
transaction rather than as a criminal offense lessens the prejudicial effect." Id. Here, the
prosecutor told the trial court that the testimony was "not to show an extraneous offense." 
The prosecutor did not introduce any evidence or tell the jury that any civil or criminal
action had resulted from the extraneous sexual conduct. Thus, I would hold that the State
offered the extraneous sexual conduct evidence, not as an extraneous criminal offense,
but as an extraneous transaction, which lessened the prejudicial effect, if any, of the
admission of the evidence. See id.

 The trial court also employed another method of lessening any potential prejudice
by giving a limiting instruction to the jury. See Abdnor v. State, 871 S.W.2d 726, 738 (Tex.
Crim. App. 1994); Robinson, 701 S.W.2d at 899. The trial court, sua sponte, orally gave
a limiting instruction to the jury that the testimony could only be used "to determine whether
or not the alibi that Mr. Rodriguez offered to the grand jury about his whereabouts on the
weekend of the 16th, 17th and 18th is believable or unbelievable." By giving this limiting
instruction, the trial court did not call the complained-of evidence to the jury's attention;
rather, the trial court explained to the jury the proper use and scope of the testimony. See
Phillips v. State, 193 S.W.3d 904, 911 (Tex. Crim. App. 2006) ("The purpose of a limiting
instruction is to 'restrict evidence to its proper scope and instruct the jury accordingly.'")
(quoting Tex. R. Evid. 105(a)). A presumption exists that a jury will properly consider
evidence when correctly instructed by the trial court, see Rose v. State, 752 S.W.2d 529,
554 (Tex. Crim. App. 1988), and we generally presume that the jury follows the trial court's
instructions. See Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). I would
find that the limiting instruction lessened any prejudicial effect of the complained-of
evidence.

 The majority states that because an alibi defense was not actually asserted, the trial
court's limiting instruction failed to limit the jury's consideration of P.E.'s and M.E.'s
testimony to only relevant evidence. Assuming, arguendo, that the majority is correct, the
limiting instruction was actually not necessary because the complained-of evidence was
dissimilar to the charged offense. In Abdnor, the court of criminal appeals stated that a
limiting instruction is not necessary when "the extraneous offenses are so dissimilar to the
charged offense that the jury cannot mistakenly draw a connection between the charged
offense, and the extraneous offenses." Abdnor, 871 S.W.2d at 738 (citing Wood v. State,
118 Tex. Crim. 99, 39 S.W.2d 1094, 1095 (App. 1931)). Here, the charged offense was
burglary of a habitation with intent to commit aggravated assault, and the complained-of
evidence was that Rodriguez engaged in sex with M.E., who is mentally challenged. 
Because this evidence is so dissimilar to the charged offense, I would hold that the jury
could not mistakenly draw a connection between the two, and that the trial court did not
abuse its discretion by admitting the evidence. Accordingly, I would overrule the second
issue.



 For these reasons, I respectfully dissent. 

 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Dissenting Memorandum Opinion delivered and

filed this 13th day of August, 2009.
1. Rule 403 provides specifically that "[a]lthough relevant, evidence may be excluded if its probative
value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless preparation or cumulative evidence." Tex. R. Evid. 403.