

NUMBER 13-08-522-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

---

DAVID ALAN RODRIGUEZ,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

---

On appeal from the 24th District Court
of Jackson County, Texas.

---

## DISSENTING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Dissenting Memorandum Opinion by Justice Vela**

I respectfully dissent from the majority's opinion because I believe that the

admission of the complained-of evidence did not amount to an abuse of discretion. I would

hold that this evidence was admissible to show Rodriguez's opportunity to commit the charged offense, and that the probative value of this evidence substantially outweighs any danger of unfair prejudice.

We review a trial court's decision to admit evidence over objection under an abuse of discretion standard, and should not reverse that decision absent a clear abuse of discretion. *See McCarty v. State*, 257 S.W.3d 238, 239 (Tex. Crim. App. 2008). The abuse of discretion standard applies to questions of the admissibility of evidence under rules 402-404 of the Texas Rules of Evidence. *Brimage v. State*, 918 S.W.2d 466, 506 (Tex. Crim. App. 1996). A trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement. *McCarty,* 257 S.W.3d at 239. We must uphold the trial court's evidentiary ruling if it is correct under any applicable theory of law. *Trevino v. State*, 991 S.W.2d 849, 853 n.5 (Tex. Crim. App. 1999). This is true even when the trial court gives the wrong reason for its decision. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Rule 404(b) of the rules of evidence states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b); *see Martin v. State*, 173 S.W.3d 463, 466 (Tex. Crim. App. 2005) (quoting same). Rule 404(b) further provides that extraneous offense evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" *See Martin*, 173 S.W.3d at 466. Rule 404(b)'s list of admissible purposes is illustrative, rather than exhaustive, and extraneous offense evidence may be admissible when a defendant raises a defensive issue that negates an element of the offense. *See id*.

Rodriguez visited the victim, John Torres, on June 16, 2006. After buying more than a six pack of beer in Ganado, Torres and Rodriguez picked up Torres's girlfriend, M.E., who lived in Victoria. Torres testified that before this occasion, he told Rodriguez that M.E., who had a mental disability, was "not like most girls, she's different, way different." At about 1:00 a.m., Rodriguez and Torres took M.E. home and went to a bar, where Rodriguez drank "a lot" of beer. Torres and Rodriguez left the bar about 2:30 a.m. and drove back to Torres's home in Ganado, where the charged offense occurred.

M.E. testified that at about 1:00 a.m. on June 18, 2006, Rodriguez came to her home and picked her up. M.E. thought she was going to see Torres, but instead she engaged in sex with Rodriguez.

In his grand jury testimony, which was played to the jury, Rodriguez testified that he traveled to Ganado on June 16, 2006, to report to his probation officer and returned to Houston later that evening because he had to work the next day. This testimony left the jury with the impression that Torres was untruthful about the events of June 16 and 17 and, therefore, Rodriguez could not have burglarized Torres's home. Accordingly, Rodriguez's grand jury testimony raised a defensive issue before the jury that negated an element of the charged offense.

Because Rodriguez had arrived at M.E.'s house at about 1:00 a.m. on June 18 for the purpose of having a sexual encounter with her, the complained-of evidence was admissible under rule 404(b) because it assisted the jury in drawing an inference that Rodriguez remained in the area after seeing his probation officer and, therefore, had the opportunity to burglarize Torres's home. Thus, I would hold that this evidence was admissible under rule 404(b).

3

Although admissible under rule 404(b), evidence may still be excluded under rule 403 if the danger of unfair prejudice substantially outweighs its probative value. Tᴇx. R. Eᴠɪᴅ. 403[1]; *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999). The court of criminal appeals has explained that the term "unfair prejudice"

> refers not to an adverse or detrimental effect of evidence but to an undue tendency to suggest a decision on an improper basis, commonly an emotional one. Unfair prejudice does not arise from the mere fact that evidence injures a party's case. Virtually all evidence that a party offers will be prejudicial to the opponent's case, or the party would not offer it. Evidence is unfairly prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justifies its admission into evidence. The prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant.

*Casey v. State*, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007) (citations omitted).

"Rule 403 favors admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006); *Brimage,* 918 S.W.2d at 505. "Rule 403 requires exclusion of evidence only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Brimage,* 918 S.W.2d at 506. A proper rule 403 "analysis includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Prible v. State*, 175 S.W.3d 724, 733 (Tex. Crim. App. 2005); *Arroyo v. State*, 259 S.W.3d 831, 837 (Tex. App.–Tyler 2008, pet. ref'd).

---

[1]Rule 403 provides specifically that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless preparation or cumulative evidence." Tᴇx. R. Eᴠɪᴅ. 403.

In balancing the probative value of the evidence against the danger of unfair prejudice, it should be noted that the State spent relatively little time developing the complained-of evidence, including P.E.'s testimony about M.E.'s mental disability, as opposed to the total amount of time devoted to its case-in-chief. I am not persuaded that this evidence had a tendency to suggest a decision on an improper basis or that it impressed the jury in an irrational way. Further, any prejudice inherent in the admission of an extraneous conduct can be lessened in at least two ways. *Robinson v. State*, 701 S.W.2d 895, 899 (Tex. Crim. App. 1985). First, "[i]ntroduction of the evidence as a transaction rather than as a criminal offense lessens the prejudicial effect." *Id.* Here, the prosecutor told the trial court that the testimony was "not to show an extraneous offense." The prosecutor did not introduce any evidence or tell the jury that any civil or criminal action had resulted from the extraneous sexual conduct. Thus, I would hold that the State offered the extraneous sexual conduct evidence, not as an extraneous criminal offense, but as an extraneous transaction, which lessened the prejudicial effect, if any, of the admission of the evidence. *See id.*

The trial court also employed another method of lessening any potential prejudice by giving a limiting instruction to the jury. *See Abdnor v. State*, 871 S.W.2d 726, 738 (Tex. Crim. App. 1994); *Robinson*, 701 S.W.2d at 899. The trial court, sua sponte, orally gave a limiting instruction to the jury that the testimony could only be used "to determine whether or not the alibi that Mr. Rodriguez offered to the grand jury about his whereabouts on the weekend of the 16th, 17th and 18th is believable or unbelievable." By giving this limiting instruction, the trial court did not call the complained-of evidence to the jury's attention; rather, the trial court explained to the jury the proper use and scope of the testimony. *See Phillips v. State*, 193 S.W.3d 904, 911 (Tex. Crim. App. 2006) ("The purpose of a limiting

5

instruction is to 'restrict evidence to its proper scope and instruct the jury accordingly.'") (quoting TEX. R. EVID. 105(a)). A presumption exists that a jury will properly consider evidence when correctly instructed by the trial court, *see Rose v. State*, 752 S.W.2d 529, 554 (Tex. Crim. App. 1988), and we generally presume that the jury follows the trial court's instructions. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). I would find that the limiting instruction lessened any prejudicial effect of the complained-of evidence.

The majority states that because an alibi defense was not actually asserted, the trial court's limiting instruction failed to limit the jury's consideration of P.E.'s and M.E.'s testimony to only relevant evidence. Assuming, arguendo, that the majority is correct, the limiting instruction was actually not necessary because the complained-of evidence was dissimilar to the charged offense. In *Abdnor*, the court of criminal appeals stated that a limiting instruction is not necessary when "the extraneous offenses are so dissimilar to the charged offense that the jury cannot mistakenly draw a connection between the charged offense, and the extraneous offenses." *Abdnor*, 871 S.W.2d at 738 (citing *Wood v. State*, 118 Tex. Crim. 99, 39 S.W.2d 1094, 1095 (App. 1931)). Here, the charged offense was burglary of a habitation with intent to commit aggravated assault, and the complained-of evidence was that Rodriguez engaged in sex with M.E., who is mentally challenged. Because this evidence is so dissimilar to the charged offense, I would hold that the jury could not mistakenly draw a connection between the two, and that the trial court did not abuse its discretion by admitting the evidence. Accordingly, I would overrule the second issue.

6

For these reasons, I respectfully dissent.

ROSE VELA
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Dissenting Memorandum Opinion delivered and
filed this 13th day of August, 2009.